## OATES, WILLIAMS & CO. *vs.* THOMAS W. KENDALL.

The distinction between forms of action having been abolished by the Constitution, it would defeat the purpose of that provision if a party were allowed to avail himself of an objection, founded upon such distinctions.

Therefore, when a plaintiff, in his complaint, alleged and set out a case in trover, and the proof showed that it should have been in the nature of assumpsit for money had and received, *it was held*, that the plaintiff was enttled to recover, notwithstanding the variance.

When a witness for the plaintiff spoke of a compromise, which was in writing, of a lawsuit between the plaintiff and a third person, in regard to certain cotton in controversy, it was not erroneous to permit the witness, without producing the written agreement, to state that in the compromise the cotton was turned over to the plaintiff; that matter being wholly collateral and between other parties, and one in which defendant had no interest.

[*Ballard* v. *Johnson and Thomason*, 65 N. C. R. 436.]

CIVIL ACTION tried before *Henry, J.*, at Special Term of MECKLENBURG Superior Court.

The complaint alleged that plaintiffs were lawfully possessed of eighteen bales of cotton, and that on or about the — day of ————, 1866, the defendant unlawfully converted it to his own use, to their damage twenty-five hundred dollars.

Defendant in his answer denied all the allegations in the complaint.

It was in evidence; that in 1862, defendant sold to Parker and Hancock eighteen bales of cotton, which was paid for and delivered. The cotton was to remain in defendant's possession, but he was not to be responsible for it. Parker and Hancock sold to Davis in 1863, he sold to plaintiffs, and in 1863, or 1864, they sold to Overby. During these transactions and up to the end of the war, the cotton remained in defendant's possession. In 1865, the cotton was *raided upon*, and all carried off except

five or six bales. Defendant apprehending that all of the cotton would be carried off, sold the remainder in 1866. One of the plaintiffs testified that Overby brought suit against them for the cotton in controversy, and that a compromise was made in 1867 or 1868, and that the compromise was in writing. Defendants counsel objected to witness speaking of the compromise unless the writing was produced. The Court admitted the testimony ; and witness stated that Overby, after the compromise, turned over his claim in the cotton to them, whereby they became the owners. Defendant's counsel asked the Court to charge the jury, that as the action was brought for the wrongful conversion of the cotton, and the testimony showed that plaintiffs were not the owners when the conversion took place, they could not sustain the action. The instructions were refused. Virdict for the plaintiffs. Judgment and appeal.

*C. Dowd,* for plaintiff.
*J. H. Wilson,* for defendant.

BOYDEN, J. In this case it is contended, that the plaintiff cannot recover, for the reason that although this is a civil action, it is in the nature of an action of trover, and that at the time of the alleged conversion, the plaintiff was not the owner of the cotton alleged to have been converted. It is true, that to sustain an action of trover, according to the principles of the common law, the plaintiff must, as a general rule, be the owner of the property at the time of the alleged conversion, so that if this had been an action of trover, under our former system of pleading, the plaintiff could not recover ; but this being a civil action, sec. 249, of the C. C. P., provides "that the relief granted to the plaintiff if there be no answer, cannot exceed that which shall be demanded in his complaint; but in any other case, the Court may grant him any relief consistent with the case made by the complaint, and embraced within the issues." And sec. 132, of the C. C. P., provides, " The Court may, be-

fore, and the Judge may, after judgment, in furtherance of justice, and in such terms as may be proper, amend any pleading process, or proceeding, by adding or striking out, the name of any party; or by correcting a mistake in the name of a party, or a mistake in any other respect; or by inserting other allegations material to the case; or when the amendment does not change substantially the claim or defence; by confirming the pleading or proceeding to the facts proved."

In the case of *Ballard* v. *Johnson and Thomason*, 65 N. C. R. 436, the Chief Justice, in delivering the opinion of the Court in that case, remarks that " it is the object of Sec. 132 of the C. C. P., and numerous other provisions of the C. C. P., to show that its purpose is to prevent actions from being defeated on grounds that do not affect the merits of the controversy, whenever it can be done by amendment, the prevailing idea being to settle the controversy by one action, &c."

In our case it is not even pretended that there is any substantial defence to this action, the main objection to the recovery being, that the plaintiff, in his complaint, has alleged and set out a case in trover, when the case, as proved on the trial, shows that it should have been in the nature of an assumpsit for money had and received. It would be in violation of one of the most important provisions of the New Code, to permit a party to defeat a recovery, upon the sole ground that the form of the complaint is not just as it should have been, from the facts established by the proofs in the case. To allow such an objection now to avail a party would be to defeat that great and vital principle of the Code and Constitution, which declares that there shall be but one form of action, and it would incorporate into our new system all the mischief and intricacies touching the form of action intended to be obviated by that provision. No such objection can be permitted to defeat a recovery. The 135th section of the C. C. P. enacts that " The Court, and the Judge thereof, shall in every stage

of the action disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party."

We think the other objection can not avail the defendant. The compromise of the suit of Overby against the plaintiffs for the cotton, although reduced to writing, being wholly collateral, and between other parties, and in which the defendant had no interest, his Honor did not err in permitting the witness Oates, without the production of the writing, to state that in the compromise of the said suit the cotton was turned over to the plaintiffs. See *Greenleaf on Evidence*, vol. 1, sec. 81, and *Phillips on Evidence*, vol. 1, 221.

There was no error.

Per Curiam.                              Judgment affirmed.