THOMAS H. BREM v. JOHN ALLISON.

Where the suit is between a member of the firm and a stranger, and the terms of the partnership which are in writing is not the question at issue, but comes up collaterally, it is not necessary to introduce the writing. *Oates, Williams & Co.* v. *Kendall,* 67 N. C. Rep. 241.

Where A having a bond against principal and surety and a member of a firm to which A is indebted, who is the son of the principal of the bond agrees to take the bond and credit A's account, which is done, and where A said he understood it to be a payment, and where the Judge who tried the cause refused to charge the jury that if A understood it to be a payment it was a payment and they must so find : *Held,* to be no error.

Where there is conflicting testimony and divers witnesses, it is seldom the case that the Judge can pick out any single witness, and say, if you believe him you must find for the plaintiff or defendant.

There may be cases where it would be proper, but generally it is safer to put the case to the jury upon all the evidence, with proper explanations.

CIVIL ACTION, tried before *Henry, J.,* at special January Term, 1872, of MECKLENBURG Superior Court.

The bond sued on was as follows :

$300. On the first day of January, 1860, we, or either of us, promise to pay W. F. Davidson, the sum of three hundred dollars for rent of his dwelling house and lot for the year 1859.

(Signed)	J. A. SADLER,

J. ALLISON.

W. F. Davidson, for defendant, testified that some time after the bond became due, the amount of it was paid to him, by James Sadler, Jr., son of the principal of said bond, by crediting the amount thereof upon the account of said Davidson, with the firm of Brem & Co., composed of the plaintiff, one Alexander and James Sadler, Jr., and that on getting his account credited with said firm for the amount of said note, he delivered the same to said James Sadler ; and it was witness' understanding that the note was thus paid by said James Sadler, Jr., for his father, James A. Sad-

ler, and not purchased by said James Sadler, Jr., for his said
firm. The plaintiff testified that he, one Alexander and
said James Sadler, Jr., were partners, all the capital be-
ing his, and the others having an interest in the profits, as
compensation for their services; that this note was received
by James Sadler, Jr., and the amount of it credited on the
firm account against Davidson, and it was placed by him,
Sadler, Jr., among the assets of the firm; and that said Sad-
ler, Jr., did not charge himself with the amount of the same
or any part of it. That subsequently on dissolution of the
firm several years before the commencement of this action,
the said note and the other assets of said firm became the
the individual property of the plaintiff by the terms of dis-
solution. Defendants counsel objected to witness Brem's
speaking of the terms of the partnership or of the dissolu-
tion without producing the written evidence; but His Honor
allowed witness to speak of so much of each as is stated
above. Defendant excepted.

Defendant's counsel asked his Honor to charge the jury
that if Davidson's version of the transaction was correct,
the note was paid and the plaintiff could not recover. His
Honor instructed the jury that if Sadler, Jr., paid the note
for his father it was a discharge of the debt; but if he only
took it in payment of Davidson's account and placed it
among the assets of the firm, and the other evidence of
plaintiff was believed, they should find for plaintiff.

Verdict for plaintiff. Judgment and appeal.

*Wilson,* for appellant.
*Dowd,* contra.

READE, J. If the suit had been between the plaintiff and
his co-partner, and the terms of the partnership had been
the question at issue, and if the terms were in writing, it
would have been necessary to introduce the writing as being

the best evidence. But that rule does not obtain when the suit is between the plaintiff and a stranger, and the terms of the partnership is not the question at issue, but comes up collaterally. *Oates, Williams & Co.* v. *Kendall,* 67 N. C. Rep., 241. It is true, as contended for by the defendant, that "when the terms of a verbal agreement are ascertained, its construction, like a written agreement, is for the Court and not for the jury." That being conceded, then the defendant says he was entitled to the instruction asked for, viz. : "That if Davidson's version of the transaction was correct, the note was paid and the plaintiff could not recover." The facts not disputed, are that one Sadler, as principal, and the defendant, as surety, executed the bond in controversy to one Davidson ; and Davidson owed an account to the plaintiff's firm ; that a son of the said Sadler was a member of the plaintiff's firm, and agreed with said Davidson to take from Davidson the bond in controversy and credit Davidson's account with the amount of it. And the fact in dispute was, whether that was intended to be a payment of the bond by the principal obligor, Sadler, senior, through his son, Sadler, junior, and a discharge of the principal obligor, Sadler, senior ; or whether it was a purchase of the bond in consideration of the credit entered upon Davidson's account, for the benefit of the firm, without intention to discharge the obligors ; in other words, whether it was a *payment* or a *purchase* of the bond.

To prove that it was a payment, the defendant examined Davidson, who testified, " That sometime after the note became due, the amount of it was paid to him by James Sadler, Jr., son of the principal of said note, by crediting the amount thereof upon the account of said Davidson with the firm of Brem & Co., composed of the plaintiff, one Alexander and said James Sadler, Jr., in getting his account credited with said firm for the amount of said note. He delivered the same to said James Sadler, Jr., and it was

witness' understanding that the note was thus paid by said James Sadler, Jr., for his father, and not purchased by said James Sadler, Jr., for his said firm. That before the settlement took place he had an understanding with James Sadler, Jr., that if he would bring up the note on his father, he would give him credit for that amount, and that he would pay it in that way for his father."

Now, the bond being a negotiable instrument, and James Sadler, Jr., having given his own means, or rather the means of the firm for it, the reasonable inference would be that it was a purchase and not a payment; and that the obligors were to continue bound. Especially is it so when there is no pretence that the obligors had procured the payment to be made or moved in the matter at all. Under these circumstances it would be difficult to resist the conviction that the bond was taken for the benefit of the firm, and not for the benefit or in discharge of the obligors. Was there anything in "Davidson's version of the transaction" to rebut this reasonable presumption? It is true he says that "*the amount*" of the note was "*paid*" to him by James Sadler, Jr., by crediting his account, &c. And that is just as consistent with the idea of a *purchase* as of a *payment* of the note. And he says further that it was his "understanding" that the note was thus paid and not purchased. What did *his* understanding have to do with it? He parted with the bond for the value of it to the plaintiff's firm, and it was not *his* understanding that was to govern the transaction, but the understanding of the firm whose means went to pay for it. If it was true that he received the means of the firm for the bond from the son of the obligor (who from other parts of the evidence seems only to have been nominally interested in the capital of the firm) with the understanding that the firm was not to have the benefit, then he ought not to have been a partner to such a transaction.

And he says further that he had an understanding with

James Sadler, Jr., before the transaction, that if he would bring the bond he would take it and give him credit for the amount, and that he would pay it in that way for his father. And here again the reasonable presumption is that Sadler, Jr., only meant to change the debtor of the firm from Davidson to the obligors on the bond; either because the bond was thought to he better than Davidson or because Davidson desired to settle his account in that way. But the question is, could his Honor charge the jury, that if Davidson understood it to be a payment, then it was a payment, and they must so find. Of course he could not; for Davidson's understanding had nothing to do with the character of the transaction, and was not even competent evidence as to what was the intention of the other party. It was no more than his *opinion* of what the other party intended.

And again, suppose it be conceded for the sake of the argument, that Sadler, Jr., had said, and did intend, that the obligors in the bond should be no longer bound on the bond, but that the bond should be considered as paid; could the obligors avail themselves of it as a defense when sued upon the bond by the plaintiff? There was no agreement *with them*, and if there had been, there was no consideration moving from them to support it. So that, putting the most favorable construction upon Davidson's testimony for the defendant, the Judge could not have given the instruction asked for.

There is another reason why his Honor ought not to have given the instruction asked for by the defendant. Where there is conflicting testimony and divers witnesses, it is seldom the case that the Judge can pick out any single witness and say, if you believe him, then you must find for the plaintiff. There may be cases where it would be proper, but generally it is safer to put the case to the jury upon all the evidence, with proper explanations, as was done in this case, *C. F. Steamboat Co.* v. *Anderson*, 64 N. C. Rep. 399.

His Honor left it to the jury to say from all the evidence whether Sadler, Jr., paid the note for his father. If he did, it was a discharge of the debt. But if he only took ·it in payment of Davidson's account and placed it among the assets of the firm, and the other evidence of the plaintiff was believed, they should find for the plaintiff. ' This was at least as favorable for the defendant as he could ask. Indeed it would seem that his Honor might have charged that there was no evidence that Sadler, Jr., paid the debt for his father, in the sense that he was the agent of his father, or in any other sense that the defendant could take advantage of.

There is no error.

PER CURIAM.        Judgment affirmed.