D. N. DURHAM *v.* W. H. BOSTICK and WILLIAM MARTIN.

In an action of ejectment, the plaintiff claimed under a sheriff's deed, and the defendant alleged that the land so sold was exempt from execution as a Homestead, and that the sale by the sheriff was therefore void; and it appearing on the trial that the land was sold for the payment of the purchase money: *Held*, that although there was no evidence of record that such was the fact, yet as the sheriff took the responsibility of acting on his own conviction, and as his conclusion was right, the sale is not void.

(*Cansler* v. *File*, 5 Jones, 424, cited and approved.)

Ejectment, tried before *Schenck*, *J.*, at Fall Term, 1874, Cleaveland Superior Court.

This action was brought against W. H. Bostick and Hill

Hammick at Spring Term, 1873, and at Fall Term, William Martin was allowed to defend as landlord of Hill Hammick. Hammick had been in possession of said land since 1869. The land in dispute originally belonged to D. D. Durham and was conveyed to Bostick in 1862 or 1863.

The plaintiff claims title to said land under a sheriff's deed, made on the 9th of April, 1872, in pursuance of an execution against W. H. Bostick, in favor of Eliza Webber, executrix.

The judgment was taken in favor of A. A. McAffee, who died in February, 1871. The record shows the will of Mc-Affee, and the appointment of Eliza Webber as his executrix, and her qualification as such.

The sheriff's deed for the land was registered in July, 1872.

The plaintiff introduced evidence to show that the judgment against Bostick in favor of McAffee was obtained on a note or obligation given by Bostick to D. D. Durham in payment for the land in dispute, and assigned to A. A. McAffee by Durham.

The defendant Martin claimed title to a part of the land, called the "Chesnut log tract," under a deed from W. H. Green to William Martin, dated October 5th, 1872, and registered after the commencement of this suit.

W. H. Green had a deed for this part of the land made by Bostick on the 15th of March, 1869, and registered since the commencement of this action.

Both of these deeds were registered on the same day by acknowledgement, and were not witnessed.

The defendant W. H. Bostick claimed title to a part of the land in dispute, known as the D. D. Durham house place, as a homestead, laid off under the statute.

The petition to the magistrate to appoint commissioners for this purpose, was dated March 15, 1869, and their proceedings were registered on the 27th of March, 1869. There was no evidence that the provision of the act requiring six months notice had been complied with.

The plaintiff introduced evidence to show that the deed from Bostick to Green was made to defraud Bostick's creditors

and that Martin had notice of the fraud when he purchased. For the purpose of showing fraud in the title from Bostick to Green, he proposed to prove the declarations of Green made after Bostick had conveyed the Chesnut log tract to him and while he was claiming possession, and before Green had conveyed to Martin.

The declarations were " that Green said he had bought both the Chesnut log place, and the house place from Bostick, and taken separate deeds for the same, that afterwards Bostick found out that he could keep the home place under the homestead law, and he (Green) surrendered the deed.

The defendant objected, but the objection was overruled by the Court.

The plaintiff introduced evidence to show that Martin, at the time that Green conveyed the Chesnut log place to him, had notice of the fraud and of the plaintiff's purchase at the sheriff's sale.

The plaintiff offered in support of his title, the execution and sheriff's deed.  The defendant objected to the execution because it was on a judgment of A. A. McAfee, who was dead, and contended that the sheriff's sale under the execution passed no title.

The Court overruled the objection.

The defendant offered evidence to show that the deed from Bostick to Green was not fraudulent, and that Martin had no notice of such fraud if there was any.

The defendant also offered evidence to show that the obligation on which the McAfee judgment was taken was not given for the land in dispute but for an entirely different consideration.

After the issues were framed and the jury empannelled the defendant asked to have this issue submitted :  Did the two tracts of land join ?

The Court refused on the ground, that this issue was not raised by the pleadings.

It was in evidence that the lands did not join but were very nearly adjoining.

The following issues were submitted to the jury, and decided respectively as follows :

1. Is the deed from Bostick to Green, for the Chesnut-log place fraudulent as to creditors ?   It is.

2. If it was made to defraud creditors, did Martin have notice of the fraud when he purchased it ?   He did.

3. Under whom was Bostick holding on the 9th of April 1872 ?   W. H. Bostick.

4. Under whom was he holding in October, 1872 ?   Durham.

5. What was the note given for, which was sued on ?   Land.

6. What land ?   A balance on the D. D. Durham tract of land, and the Chesnut-log tract.

Upon the finding of the jury, judgment was given for the plaintiff, and thereupon the defendant appealed.

*Shipp & Bailey*, for appellant.
*J. F. Hoke, Battle & Son*, contra.

PEARSON, C. J.   Mr. Bailey for the appellant made *seven points*, and it is necessary to dispose of them separately.

The purpose of an argument at bar is to have both sides presented, and to aid the Court in coming to a conclusion, by showing what can be said on the two sides.   This purpose of " *aiding the Court* " requires an attorney to abandon all points made in the hurry of the Circuit, which upon more consideration he finds not to be tenable, so as to devote his argument to the main points of the case, without causing a diversion of the mind of the Court, to matters of minor importance.

1. The execution issued within *less than three years* after the rendition of the judgment.

2. The executrix was authorized to sue out execution and judgment obtained by the testator.   Bat. Rev. chap. 45, sec. 135.

3. The objection for a misjoinder of action on the ground

that the two tracts of land did not adjoin, must be taken advantage of by demurrer, if the error appears on the face of the record, otherwise, it must be relied on by the answer. C. C. P. sec's. 98, 99.

4. The declarations of Green while *owning the land* and claiming the possession, are evidence against the defendant, who claims under him. *Cansler* v. *Fite*, 5 Jones 424.

5. That is the main point in the case, and rests on the ground that the validity of the homestead cannot be impeached in a collateral way, and it must be established in some direct proceeding that the judgment on which the execution issued, and the homestead was sold, was rendered for the purchase money of the land—otherwise the sheriff has no power to sell and is liable to indictment for so doing.

The Constitution, Art. V, sec. 2. "Homestead and Exemptions" provides, "no property shall be exempt from sale for taxes or for the payment of obligations contracted for the purchase of the premises." The jury find that the debt on which the judgment was rendered was an obligation for the purchase of the land covered by the homestead, so it is clear that the land was liable to sale under the execution.

As there was no record evidence of this fact, it may be, that the sheriff would have been justified in refusing to take upon himself the responsibility of deciding the fact, and was not obliged to sell, until the creditor should establish the fact, in some direct proceeding for that purpose.

But, in this case, the sheriff took the responsibility of acting upon his own conviction as to the fact, and as his conclusion was right, as found by the jury and the homestead was in fact liable to be sold, there is no principle upon which his sale can be held to be void; he had power to sell and elected to exercise it.

As however the sheriff would have been justified in refusing to sell, that fact suggests the policy of providing by statute, in order to meet the exigency of all like cases that the creditor may allege in his complaint that the debt sued for is "an obli-

gation contracted for the purchase of the premises," and in case the allegation be admitted or found by the jury, the fact shall be set out in the judgment, and shall be noted upon the execution, as in case of a security, who is allowed to have the fact found, and noted on the execution for the guidance of the sheriff.

In the meantime, and without a statute to that effect, if the allegation be made in the complaint and is admitted by the answer, or being denied, is found by the jury, the Superior Court Judges in furtherance of the administration of the law, according to the provisions of the Constitution, will no doubt allow that fact to be set out in the record, so that it may be noted upon the execution, and thereby relieve the sheriff from responsibility ; and enable the plaintiff to get pay for his land, without any circuitous proceeding which the refusal of the sheriff to sell, might make necessary in order to enforce payment. The other points need not be noted, except to say that it does not appear, that the defendant had a wife.

PER CURIAM.                    No error.  Judgment affirmed.