W. H. DAIL and others v. SARAH W. SUGG.

*Ejectment—Evidence—Lost Records.*

In ejectment, the plaintiff claimed under execution sale and sheriff's deed, and the defendant under a homestead allotment; *Held,*

(1) In order to show that the land was not exempt from execution, it is competent to prove by the plaintiff in the judgment on which the execution issued, the *time* when the debt was contracted, (without producing the evidences thereof) as an independent fact and collateral to the contract, which was between other persons than the parties to this suit.

(2) Where the loss by fire of the execution under which the sheriff sold was shown, entries in the judgment docket of the levy, sale, &c., may be admitted and proved by the clerk who made the entries, as secondary evidence of the contents of the execution. And in such cases the recital in the sheriff's deed is *prima facie* evidence of the existence and validity of the execution. Bat. Rev. ch. 14, § sec. 19.

( *Oates* v. *Kendall,* 67 N. C., 241 ; *Brem* v. *Allison,* 68 N. C., 412 ; *State Corpening,* 10 Ired., 58, cited and approved.)

CIVIL ACTION to recover the land tried at Spring Term, 1881, of Greene Superior Court, before *Graves, J.*

The plaintiffs claim title to the land in controversy as

heirs of Mary E. Suggs, and a deed from W. H. Dail to her and a deed from the sheriff of Greene county to said Dail.

The defendant claimed the right to hold possession of the land as widow of Josiah Suggs, to whom the land had been allotted as a homestead by proceedings for that purpose had before a justice of the peace and freeholders.

In support of their title the plaintiffs offered in evidence the judgment docket of Greene superior court and three judgments of a justice of the peace of said county there docketed on the 12th March, 1869, in favor of J. F. Freeman against Josiah Suggs, the husband of the defendant. They also offered evidence showing that the execution under which the sheriff sold the land in dispute had been destroyed by fire with the court house in the year 1875 or 1876, and that the judgment docket which had been preserved from the fire showed that executions had been issued to the sheriff of Greene on the judgments of Freeman against Josiah Suggs, and an entry of a levy and sale of the land in dispute under execution. To this evidence the defendant objected on the ground that the entry on the docket was not in the handwriting of the clerk. A witness was then introduced by the plaintiffs who testified that he was the deputy clerk of the superior court, that he had no distinct recollection of copying the returns, but the entry was in his handwriting in the course of the business of his office. There was no other evidence of the execution in the hands of the sheriff, or its contents. There was evidence of a sale of the land by the sheriff and its purchase by Dail.

The defendant objected to reading the sheriff's deed in evidence, but the objection was overruled and the defendant excepted. There was a further exception to this deed on the ground of the uncertainty in the description of the land conveyed, but that was abandoned in this court.

The sheriff's deed contained the usual recital of the exe-

cution, the levy, advertisement, sale, and the payment of the purchase money by the purchaser, W. H. Dail.

To show that the land in controversy was not exempt from the execution by the allotment of the homestead therein to Josiah Sugg, the defendant in the execution, the plaintiff introduced Freeman, the plaintiff in the judgments upon which the execution issued, who proved that the debts upon which the judgments before the justice had been obtained were debts contracted before the war, and that the evidences of the indebtedness were in the hands of the justice who rendered the judgments. The defendant objeeted to this evidence, the objection was overruled and the defendant excepted.

Verdict and judgment for the plaintiffs, appeal by defendant.

*Messrs. W. C. Munroe* and *Battle & Mordecai,* for plaintiffs. *Messrs. W. T. Faircloth* and *Gilliam & Gatling,* for defendant.

ASHE, J. The first exception taken by the defendant to the ruling of His Honor was to the admission of evidence to prove the time when the debts were contracted, upon which the Freeman judgments were rendered, without producing the evidences of debt. This evidence was competent. It was not offered to prove the contents of the notes, but to establish the fact of the time of their execution. It was an independent fact and collateral to the enforcement of the contract, which was between other persons than those who were parties to this action. *Oates* v. *Kendall,* 67 N. C., 241; *Brem* v. *Allison,* 68 N. C., 412; Starkie on Ev., 726; 1 Greenl. Ev. §§ 90 and 285.

The second exception was to the admission of the judgment docket showing the entry of execution issued and the return of the sheriff setting out the levy and sale, &c. The objection to the reception of the judgment docket came too

late, for it had been offered in an early stage of the trial
without objection; but the defendant still objected to the
entries there made because they were not in the handwrit-
ing of the clerk.   This objection was fully answered by the
testimony of one Sugg who was examined as a witness for
the plaintiff and testified that he was deputy clerk of the
superior court of Greene county, and although he had no
distinct recollection of making the entry, it was in his hand-
writing, and was made in the course of the business of his
office.   The entries were such as the law required to be
noted in the judgment docket.   C. C. P., § 144 (2).   They
were made by a proper officer in the discharge of his duty
and are presumed to have been entered under the direction
of the court, whose province it is to make its own record,
and no other court can indirectly examine into the manner
in which it is made.   *State* v. *Corpening*, 10 Ired., 58.   It
was shown by the entries on the judgment docket that an
execution had issued and that there was a levy and sale.
These recorded facts establish the existence of the execution
and its return to court when it became a record, and when
it was shown that it had been lost or destroyed, it was com-
petent to prove its contents by secondary evidence.   1
Starkie on Ev., 272 and notes 1 and 2.   This evidence was
furnished by the sheriff's deed, to the introduction of which
objection was made by the defendant, but upon what ground
it is not made to appear by the statement of the case, and
this objection forms the fourth exception of the defendant.
The exception was properly overruled by His Honor and
the deed allowed to be read.   It recited with the utmost
particularity the issuing of the execution to him from the
superior court of Greene county in the case of *Freeman* v.
*Josiah Sugg*, its date, its exigence, the levy, advertisement,
sale, the purchaser and the price paid.   The court house
having been burned and the execution which constituted a
part of the records of said court having been destroyed, the

recital in the sheriff's deed of the execution is made *prima facie* evidence of the existence and validity of the execution, and is made to all intents and purposes binding and valid against all persons who were parties to the execution, and against all persons claiming by, through or under them; and it is declared that said deed may be read in any suit as *prima facie* evidence of its existence and validity. Bat. Rev., ch. 14, §§ 19, 20 and 21 as amended by the act of 1874–75, ch. 254.

The defendant for a further ground of exception contended that the sheriff's deed to Dail was void on account of the uncertainty of the description, but this objection was abandoned in this court. There is no error. The judgment of the superior court of Greene county must be affirmed.

No error.                                    Affirmed.