J. M. TOMS, Adm'r, v. Wm. J. FITE et als.

*Homestead—Pleading.*

1. The homestead interest is not exempt from sale under execution to satisfy a debt contracted for the purchase money of the land in which the homestead is claimed.

2. In an action on a note given for the price of land, it is not necessary to allege in the complaint that the plaintiff has a good title, or that he has tendered a deed to the defendant for the land. In such action these are matters of defence only. *It seems* to be otherwise in actions for specific performance.

(*Durham* v. *Bostic*, 72 N. C., 353, cited and approved).

CIVIL ACTION tried before *McKoy, Judge,* and a jury, at Fall Term, 1884, of RUTHERFORD Superior Court.

The complaint alleges that the plaintiff, administrator *cum testamento annexo* of J. P. Mooney deceased, sold a tract of land described, under the will of his testator, as he had authority to do; that the defendant Fite became the purchaser thereof, and he and the other defendants, as his sureties, executed to the plaintiff their single bond for $2,252.40, to be due, with interest, twelve months next after the 6th day of February, 1882, for part of the "purchase money not paid at the time of the sale;" that the bond is past due and has not been paid, except a part thereof; that the balance due is about $1,500. A copy of the bond is set forth in the complaint. The plaintiff demands judgment for the balance due on the bond, and that the land be sold, if need be, to satisfy the judgment.

The defendant answered, admitting the execution of the bond, but averring that the plaintiff could not make a good title for parts of the land indicated in the answer.

On the trial, two issues were submitted to the jury, which involved the ownership of two parcels of the land. One of these was found for the plaintiff, the other for the defendant.

Thereupon, the defendant, before judgment was rendered, moved in arrest of the judgment, upon the grounds that the com-

plaint did not state facts sufficient to constitute a cause of action, in this: That he did not allege in his complaint that he was able to make a good title to the land for which the note was given.

"2. That he had not tendered to defendant a deed to the land before the commencement of this action."

The Court overruled this motion, and the defendants excepted; the Court gave judgment for the plaintiff, and the defendants appealed.

Mr. J. C. L. Harris, for the plaintiff.
No counsel for the defendants.

MERRIMON, J., (after stating the facts). It is very obvious that the complaint alleges a cause of action. The action is not brought to compel the specific performance of a contract, but to recover the money due upon the bond specified in the complaint, and every material fact for that purpose is alleged.

The constitution, Art. X, §2, establishes the right of homestead, and it provides that the homestead "shall be exempt from sale under execution, or other final process obtained on any debt;" but it further provides that it shall not be "exempt from sale for taxes, or for payment of *obligations contracted for the purchase of said premises.*"

At first there was some question as to how it ought to be made to appear of record, that the debt sued upon was for the purchase money for land, specified and designated, and therefore not exempt from sale under execution to pay the debt, although it might constitute the homestead or part of it. The Courts experienced some difficulty on the subject, and in *Durham* v. *Bostic,* 72 N. C., 353, the late Chief Justice suggested the propriety of such statutory regulation in that respect as he then indicated. Afterwards, the Legislature, acting no doubt upon his suggestion, provided by statute, (Acts 1879, ch. 217; The Code, §§234, 235 and 236), that in such cases the plaintiff should set forth in the complaint that the consideration of the debt sued on was the

purchase money of certain land, describing it, and if it should appear.that the allegation was true, this fact should be embodied in the judgment, and it is made the duty of the clerk to set forth the same fact in the execution, to the end, the sheriff may, if need be, sell the land without regard to the homestead, to satisfy the judgment. Hence, the allegation in the complaint in this case, that the consideration of the bond was part of the purchase money of certain land; it was no part of the purpose to allege a contract in respect to land, and demand the specific performance thereof.

As the action was simply to recover the money due on the bond, it was not necessary to allege the tender of a deed for the land. It might be that the deed had already been made. If it had not been, or if the title to be conveyed was defective, these were matters of defence. And indeed, it seems that such defences were set up, considered and determined by the Court. No question is presented by the record in these respects for our decision. We are only called upon to decide whether or not the complaint states " facts sufficient to constitute a cause of action," and as to this, there can be no doubt.

The exceptions are groundless, and the judgment must be affirmed.

No error.                              Affirmed.