## C. C. DURHAM v. C. C. WILSON.

*Homestead—Execution Sale—Vendor and Vendee—Purchase Money—Jurisdiction—Presumption—Res Judicata—Practice before Justice of the Peace—Trial by Jury—Waiver.*

1. The fact that the debt embraced in a judgment was contracted for the purchase of the land sold by virtue of an execution issued thereon may be proved by parol.

2. If the judgment of the Court recites the fact that the debt was contracted for the purchase of land (as provided in § 234 *et seq.*, *The Code*), such recital is conclusive as between the parties to the record.

3. And where that fact is recited in a judgment rendered by a Justice of the Peace, though the pleadings may have been oral, it is likewise conclusive—the presumption, in the absence of anything to the contrary appearing, being that the judgment was rendered after a trial in which the recited fact was duly established.

4. Although the statute (*The Code*, § 234) gives the defendant a right to have the issue, whether the debt sued on was contracted for the purchase of land, tried by a jury, if he so demands, yet, if after being duly summoned, he fails to appear and answer, he waives that right.

5. When such issue is made, it does not raise such a controversy involving title to real estate as divests the jurisdiction of a Justice of the Peace.

6. A sale of land under execution issued upon a judgment rendered for a debt contracted for the purchase money thereof, is valid without a previous allotment of a homestead.

This is a CIVIL ACTION, which was tried at the Spring Term, 1889, of the Superior Court of CLEVELAND County, before *Clark, J.*

The action was brought in the usual form to recover land, alleging title in the plaintiff and wrongful withholding of possession on the part of the defendant. The defendant denied that the plaintiff was owner, but admitted possession (claimed to be rightful) in himself.

There were other allegations of the complaint, some of which are admitted, and others denied, in the answer. Two issues, the first involving the question of ownership on the part of plaintiff of the land in controversy, and the second the wrongful withholding of possession by the defendant, were framed for the jury.

From the admissions in the pleadings, and the evidence, the following facts appeared to be undisputed:

On the 3d day of October, 1885, the plaintiff sold and conveyed to the defendant by an absolute deed in fee-simple the land in controversy, and the defendant executed two notes, each for the sum of one hundred dollars, payable to the plaintiff, which, as plaintiff now alleges (and defendant denies) were given for the purchase money of the land in controversy.

On the 14th day of January, 1888, the plaintiff recovered judgment on each of said notes. The judgment on one note was for the sum of one hundred and eight dollars, with interest at eight per cent. on one hundred dollars from the 14th day of January, 1888, till paid. In the other case judgment was recovered for one hundred and eighteen dollars, with interest on one hundred till paid. Each of said judgments embodied the following language: "This judgment is upon a note given as a part of the purchase money for thirty-two acres of land in township No. 6, Cleveland County, adjoining the lands of John Justice, being the place whereon C. C. Wilson now lives, and known as the A. A. Wilson place, it being the land deeded C. C. Wilson by C. C. Durham, October 3, 1885." The pleadings in the Court of the Justice of the Peace were oral in both cases.

On the same day (January 14, 1888), transcripts of both judgments were certified to the Superior Court of Cleveland County and duly docketed. On January 26, 1888, execution was issued on each of said judgments by the Clerk of said Superior Court, reciting in each execution the language

of the judgments as set forth above in reference to the consideration of the notes, and commanding the Sheriff, if sufficient personal property could not be found, to sell the land, &c. The Sheriff, for want of sufficient personal property, duly levied upon the land in controversy, being the same described in the said judgments and in the execution issued thereon, and sold said land on the 5th day of March, 1888, when the plaintiff became purchaser, and the Sheriff executed to the plaintiff the deed, bearing date March 5, 1888, which is put in evidence, reciting the judgments, execution, &c., and conveying the land in controversy to the plaintiff.

There was a verdict, and judgment thereupon, for plaintiff, and the defendant appealed.

*Messrs. W. A. Hoke* and *R. McBrayer*, for the plaintiff.
*Mr. B. F. Wood*, for the defendant.

AVERY, J.— after stating the facts: When a grantor recovers judgment against his grantee, on a note given for the purchase money of land previously conveyed to the latter, and purchases the land at Sheriff's sale under execution issued thereon, it is competent for the former, on the trial of an action brought against the grantee for possession, to prove by parol testimony that the note was given for the purchase money of the land in controversy, in order to show that such sale was valid, though made without a previous allotment of homestead. Constitution, Art. X, § 2; *Durham* v. *Bostick*, 72 N. C., 353; *Toms* v. *Fite*, 93 N. C., 274; *Dail* v. *Sugg*, 85 N. C., 104.

Where a judgment is rendered in a court of competent jurisdiction for purchase money of land in pursuance of sections 234, 235 and 236 of *The Code*, it is conclusive between the parties as to the consideration of the debt on which the recovery was had. *Toms* v. *Fite, supra*. But the

defendant contends that these sections do not apply to actions brought before a Justice of the Peace. Section 234 provides that, " In an action for the recovery of a debt contracted for the purchase of land, it shall be the duty of the plaintiff to set forth in his complaint that the consideration of the debt sued on was the purchas·· money of certain land, describing said land in an intelligible manner, such as the number of acres, how bounded and where situated." In the next section it is enacted that when the defendant "shall deny that the obligation sued on" was incurred "for the purchase money of the land described in the complaint, it shall be the duty of the Court to submit the issue so joined to the jury." The Constitution, Art. IV, § 27 (after giving the Justices of the Peace original jurisdiction of "civil actions, founded on contracts, wherein the sum demanded shall not exceed two hundred dollars, and wherein the title to real estate shall not be in controversy) provides that when an issue of fact shall be joined before a Justice of the Peace, on demand of either party thereto, he shall cause a jury of six to be summoned who shall try the same, and further, that the losing party shall, in all cases, have the right of appeal. If a defendant, after having been duly summoned fails to appear and answer before a Justice of the Peace, he thereby waives, and loses, the right to demand a trial by jury, given by the Constitution and *The Code*, § 285. When the Justice calls the case for trial, and finds that the plaintiff has not filed a verified complaint, he cannot force him, in the absence of the defendant, to incur the expense of summoning a jury, but, in the most unfavorable view, can only refuse to enter judgment by default, and compel him to make good his allegations, either oral or written, as to the existence and character of the debt, by sufficient testimony to satisfy the Justice sitting as a court and jury. *The Code*, §§ 857, 385 (1), 389 and 840, Rules II and VI. We must

assume, in the absence of any evidence in the transcript to the contrary, that the judgment was rendered after hearing testimony tending to prove that the notes were still due, and were executed in consideration of the purchase of the land described in the judgment

The issue of fact, when raised by the allegation made by the plaintiff, and denied on the part of the defendant, that a note was given for the purchase money of the land, is not one involving any controversy as to the title to real estate, and the Legislature had the power therefore to provide for trying it before a Justice of the Peace, and it was, in fact, obligatory to do so, where the amount demanded does not exceed two hundred dollars.

The appellant did not assign error in the manner pointed out by the rule of this Court, but, by giving the construction most favorable to his own statement of the case on appeal, we have allowed him the benefit of an exception to the holding of the Court below, that upon the admitted facts the plaintiff was entitled to recover, and especially that it could not go behind the judgment to inquire into the consideration of the debts upon which the judgments were founded.

Affirmed.