JOHN BUIE *v.* ELLEN SCOTT.

*Judgment on Old Debt—Parol Testimony—Dower.*

1. In an action to recover land sold under execution on a judgment rendered by a Justice of the Peace and docketed in the Superior Court, parol testimony was properly admitted (upon proof or admission of the loss of the original papers) to prove that the note was executed prior to the year 1868, when the homestead exemption was established.

2. The debt being one prior to 1868, the defendant, the widow of the execution debtor, is not entitled to a homestead in the land so sold, but the purchaser at the Sheriff's sale became the owner and is entitled to recover the land subject only to the widow's right of dower.

CIVIL ACTION for the recovery of land, heard before *Winston, J.,* at November Term, 1892, of CUMBERLAND Superior Court.

The land was sold and conveyed to plaintiff in 1884 by the Sheriff of Cumberland County under an execution which issued in 1882 on a judgment in favor of the plaintiff against the deceased husband of the defendant, rendered by a Justice of the Peace in 1873, and duly docketed in the Superior Court. Neither the judgment nor the Sheriff's deed showed that the judgment was given on a note executed prior to 1868.

The defendant insisted that she was entitled to a homestead in the land; if not to a homestead, then to dower.

The judgment docket of the Superior Court was introduced, showing that the transcript was docketed on April 4, 1873, the judgment bearing interest from April 1, 1873. The loss of the note and original papers being admitted, parol evidence was admitted to prove that the note was dated in 1861.

The Sheriff who sold the land and executed the deed to the plaintiff testified that the defendant in the execution had no other property than that which was sold.

The defendant testified that she was the widow of the execution debtor, and that neither he nor she had any children.

It being left to his Honor to find the facts and declare the law thereon, he found from the evidence that the note on which the judgment was based was an old note, executed in 1861; that the execution debtor owned no other land at the time of the sale, and that the defendant was not entitled to a homestead in the land, but that the plaintiff was the owner and entitled to the possession thereof, subject to the defendant's dower, etc.

From the judgment rendered the defendant appealed.

*Mr. N. W. Ray*, for plaintiff.
*Mr. R. P. Buxton*, for defendant (appellant).

CLARK, J.: It was competent to show by parol testimony that the note upon which the judgment was rendered (under which the land was sold) was executed prior to 1868. *Dail* v. *Sugg*, 85 N. C., 104. In that case, as in this, the judgment had been rendered in the Justice's Court, but docketed in the Superior Court, and the original papers lost. When this case was here before (107 N. C., 181) this evidence was rejected because the witness by whom it was then offered to prove this fact was incompetent under *The Code*, §590. So, also, it was held that it could be shown by parol that the judgment was rendered on a debt for the purchase-money of the land, though not recited in the judgment. *Durham* v. *Wilson*, 104 N. C., 595. In *Mobley* v. *Griffin*, 104 N. C., 112, it is held that if a Sheriff's deed in plaintiff's chain of title is defective by reason of the home-

stead not having been laid off against the execution, advantage can be taken of the defect without its being specially pleaded by the defendant.   This is followed in *Buie* v. *Scott*, 107 N. C., 181.   This is not affected by *Dickens* v. *Long*, 109 N. C., 165, which simply holds that in proceedings to sell land to make assets a party claiming a homestead who does not set it up is barred by the judgment in that action.

It now appears that the judgment was upon a debt contracted in 1861.   The defendant in the execution was therefore not entitled to a homestead.   The judgment below correctly declared the purchaser the owner of. the land and entitled to recover, subject only to the widow's right of dower, if entitled thereto (*Patton* v. *Asheville*, 109 N. C., 685), which question we understand is not prejudiced by the judgment.   If so advised the widow can take proper steps to have her dower laid off.   Subject to such possible action the plaintiff is entitled to his writ of possession upon the judgment.   We find                           No Error.