The plaintiff, who is the wife of the defendant, testified as follows: "The articles of personal property in controversy were given me by defendant before our marriage. After our marriage we lived at my mother's. Defendant's mother also gave me some of the property. Defendant left me two years ago, and afterwards he got out a claim and delivery against my mother and got these things from her. I was not a party to that suit. The defendant did not prepare a room for me and tell me to come and live with him. He said I could come and live with him at his mother's if I wanted to. I have not applied for a divorce. Defendant drew a knife on me, and shut me up in a room at my mother's, and he had a pistol in our room and threatened me with that. I would not go and live with him at his mother's because it was agreed before we were married that we should live at my mother's. Defendant behaved so badly toward me at my mother's while (188) we lived together that he left my mother's of his own motion. He was not driven off by my mother. I was afraid to go and live with him at any place other than at my mother's house." Upon this testimony his Honor intimated an opinion that the plaintiff had no right to bring the suit or recover possession of the property, and thereupon the plaintiff took a nonsuit and appealed.
The appeal is from an intimation of the court below that the plaintiff's testimony did not, if admitted, establish prima facie the right to recover. This depends upon the application of the doctrine of presumptions. She did not state what was the date of her marriage, whether before or after the Constitution of 1868 was ratified. If before, *Page 138 
all of her personal property belonged absolutely to the husband on the celebration of the marriage, though it was given to her by him while she was still a feme sole, and the plaintiff could not recover certainly the articles given her before such marriage. Giles v. Hunter, 103 N.C. 194.
The duty rests at all stages of a trial upon the actor to prove such allegations as are essential to his recovery. He may discharge this duty by submitting plenary testimony, which, uncontradicted, entitles him to a verdict; or he may, after proving directly some of the facts that he is bound to establish, shift the burden, as to others, by offering such evidence as will raise a presumption of their truth, and resting until the other party shall have attempted to rebut the presumption so raised.
The plaintiff testifies that she was lawfully married to the defendant, and that the articles of personal property for which the action was brought were given to her by the husband before and after marriage.
If a stranger had testified that he witnessed the celebration of (189) a marriage in some foreign country, or in this State, between the same parties, at a date not remembered, the presumption would have arisen that the rites were performed in accordance with the laws then in force in the foreign country, or in this State, as the case might be. 14 A. E. Enc., 531, note; State v. Patterson, 24 N.C. 346. Nothing more appearing than the lawfulness of a marriage, at a date unknown to or not stated by a witness, the courts would not refuse to adjust the rights of children or creditors of either of the parties that might be dependent primarily upon the marital rights of the husband growing out of the contract. The contract could not be treated as a nullity for want of proof of its actual date, and the difficulty would be met by invoking the aid of the presumption not only that the marriage was celebrated in accordance with law, but in conformity to the statutes now in force in this State. Durham v. Bostic, 72 N.C. 353.
In Durham v. Bostic, supra, the Court declared that a sheriff was justified in assuming that the contract upon which the judgment was rendered and the execution issued was entered into since the ratification of the Constitution of 1868, if nothing to the contrary appeared upon the face of the execution, and the suggestion in this case led to the enactment of the later statute (The Code, secs. 234, 235 and 236). We think that, as a general rule, a contract relating to marriage or other matters must be presumed, in the absence of specific proof, to have been entered into under the statutes now in force, as well as in full contemplation of their provisions.
Moreover, there is a presumption in favor of the validity of all gifts and contracts, and we must infer, when the uncontradicted fact appears *Page 139 
that the defendant husband gave to his wife certain articles of personal property, that the gift vested a valid title in her. Woodruff v. Bowles,104 N.C. 197. The burden is upon him to show that the property was not given to her, or that the attempted gift was invalid. In cases where the bona fides of a gift or conveyance from a husband (190) to his wife is drawn in question, evidence that the husband is embarrassed with debt may impose the burden of rebutting the presumption of fraud upon the wife. Osborne v. Wilkes, 108 N.C. 651. But there is no allegation or proof of fraud in this case. The only question involved is whether the testimony of the plaintiff, if admitted to be true, establishes her right to the articles of property which she testifies were given to her by the defendant.
We think that the court below erred in intimating that the plaintiff was not entitled to recover, if her own testimony was believed. The judgment of nonsuit must be set aside and a
New trial granted.
Cited: Ferguson v. Wright, post, 543; Lanning v. Tel. Co., 155 N.C. 345;Blount v. Fraternal Asso., 163 N.C. 169.