## DAVIS v. EVANS.

(Filed October 30, 1906).

*Justices of the Peace—Note for Purchase-Money of Land—Jurisdiction—Consideration—Description of Land—Parol Evidence—Issues.*

1. In an action on a note for $75 given for the purchase-money of land, a justice of the peace had jurisdiction, as the title of the land was not in issue.

2. In an action on a note alleged to have been given for the purchase-money of land, it is competent to prove by parol evidence that the note was given for the purchase-money of the land, and it is not necessary that the note should contain a description of the land or refer on its face to the deed.

3. In an action on a note alleged to have been given for the purchase-money of land, the defendant, if he demands it in apt time and tenders an appropriate issue, has the right to have the question submitted to the jury as to whether or not the note was given for the purchase-money of the land.

ACTION by S. E. Davis against M. E. Evans, administrator of A. M. Evans, heard upon appeal from a justice of the peace, by *Judge G. S. Ferguson* and a jury, at the April Term, 1906, of the Superior Court of GRANVILLE.

The Court submitted one issue to the jury: "Has the note sued on or any part thereof been paid; and if so, what part? Ans.: No." From the judgment rendered, the defendant appealed.

*Graham & Devin* for the plaintiff.
*B. S. Royster* for the defendant.

BROWN, J. The plaintiff sued on a note for $75 alleged to have been given for the purchase-money of the land described in a deed executed 7 November, 1898, by the plaintiff to the defendant's intestate. The defendant contends:

"1. That under the pleadings and evidence the plaintiff was not entitled to have judgment declared to be for the balance of the purchase-money of the tract of land described in said judgment.

"2. That there was no evidence before the Court that the note sued on was for a balance of the purchase-price of the land described in said judgment.

"3. That the note contained no description of the land for which it purported to be given in part or in whole of the purchase-price.

"4. That parol evidence could not be introduced as to the land for which the note was given in part of the purchase-price, because there is no sufficient description of the land in said note which could be aided by parol evidence."

The justice of the peace had jurisdiction, as the title to the land was not in issue. It is competent to prove by parol evidence that the note was given for the purchase-money of the land. *Buie v. Scott,* 112 N. C., 375; *Durham v. Wilson,* 104 N. C., 595. It is not necessary that the note should contain a description of the land or refer on its face to the deed. *Durham v. Wilson, supra.*

The testimony of the witness Davis tended to prove most conclusively (and it was uncontradicted) that the note sued on was executed at the same time the deed was, and that he wrote and witnessed both the note and the deed, and that the note was given for the unpaid part of the purchase-money. Had the defendant demanded it in apt time and tendered an appropriate issue, he had the right to have the question submitted to the jury as to whether or not the note was given for the purchase-money of the land described in the deed. *Durham v. Wilson, supra.* The defendant tendered no issues and failed to except to the one submitted, but tried the case solely on the plea of payment.

No Error.