## PURNELL *v.* GILLESPIE.

[88 South. 637, No. 21852.]

1. BILLS AND NOTES. *Whether payment to holder by stranger is a discharge or a purchase depends on intention.*

   Whether the payment to the holder of a promissory note by a stranger thereto of the amount due thereon is a payment and discharge of the note or a purchase of it depends on the intention of the parties to that transaction, particularly on the intention of the holder of the note.

2. BILLS AND NOTES. *Memorandum of payment on back of note held to show discharge and not purchase.*

   In a suit on a promissory note by a holder claiming it by purchase from the payee or a former holder, and which contains neither a general nor special indorsement by which title would be transferred, if the only evidence of what occurred between the payee or the former holder and the claimant is a memorandum of payment on the back of the note, the transaction must be held to be a payment and discharge, and not a purchase of the note.

APPEAL from chancery court of Leflore county.

HON. G. E. WILLIAMS, Chancellor.

Suit by Robert H. Gillespie against B. R. Purnell. Decree for complainant, and defendant appeals. Reversed, and bill dismissed.

*Pollard & Hammer,* for appellant.

*Monroe McClurg,* for appellee.

No brief of counsel found in the record.

SMITH, C. J., delivered the opinion of the court.

This is a suit by which the appellee seeks to recover from the appellant an alleged balance due on a promissory note. The bill alleges, among other things, that on the 12th day of July, 1913, the appellant, B. R. Purnell, and B. D.

Austin and J. F. Lunstall purchased certain land from the Kennedy Heading Company, and executed to it two promissory notes, each for seven thousand, seven hundred seventy-three dollars and seventy-five cents, one due and payable twelve months and the other twenty-four months after date, and secured by a vendor's lien reserved in the deed to the land. That the complainant acquired the first of these notes, and one here sued on, in due course for value. On the back of the note, which was filed as an exhibit to the bill, appear the following indorsements:

"Pay to the order of Bank of Commerce & Trust Co., Memphis, Tenn. Kennedy Heading Co., L. H. Martin, Secy. & Treas.

Note & Int. .................................. $8,248.86
Paid 7/11/1914 .............................. 4,248.86
Bal. due .................................... $4,000.00
                                   "July 25, 1914.

"The within note and interest paid in full by Ruby Hardwood Co. Kennedy Heading Co., by Wm. M. Kennedy, Prest.

"For value received this note is transferred and assigned unto C. D. Finley, this September 7, 1915. Ruby Hardwood Co., per George C. Roberts.

"Pay to the order of Kemler Lumber Co. C. C. Finley, Adm'r of Estate of C. D. Finley, Deceased."

Indorsement by Kemler Lumber Company to Robert H. Gillespie:

"For value received pay to the order of Robert H. Gillespie. The Kemler Lumber Co., W. W. Rathborne, President."

The bill further alleges that the vendor's lien securing this note was canceled of record by the Kennedy Heading Company in September, 1914; that the memorandum on the note that "the within note and interest paid in full by Ruby Hardwood Company," and the cancellation of the vendor's lien securing the note, were made by either fraud or mistake, and that:

"Said note was regularly indorsed for a valuable consideration by the Kennedy Heading Company to the Bank of Commerce & Trust Company of Memphis, Tenn., as collateral security for an indebtedness due that bank by said Kennedy Heading Company and redeemed by the payment of four thousand two hundred forty-eight dollars and eighty-six cents to that bank the amount of said indebtedness by the Ruby Hardwood Company, and said note was thereupon delivered to said Ruby Hardwood Company credited by said payment only and not as having been paid in full, as is falsely and fraudulently recited in said notation. That the regular indorsement of said note for value to C. D. Finley on September 7, 1915, by said Ruby Hardwood Company was the regular and lawful transaction that carried the real and true title and possession of said note to said C. D. Finley and to his administrator after his death. Then by said administrator to the Kemler Lumber Company and by it duly indorsed and delivered for value to complainant. That the said notation of payment in full on said note and in said record 'Exhibit C' hereto and in said record purporting to relinquish the vendor's lien 'Exhibit D' are false and fraudulent and void so far as this complainant is concerned."

. The prayer of the bill is for the cancellation of both the memorandum of payment on the note and the cancellation of the vendor's lien, for a recovery of an alleged balance due on the note of four thousand dollars and interest, and for a sale of the land for the purchase of which the note was given for the payment of the amount found to be due the complainant.

, The appellant's answer denied liability, and alleges payment of the note by the Ruby Hardwood Company pursuant to an agreement made with the makers of the note so to do. This agreement is contained in a contract by which the makers of the note sold the timber on the land purchased by them from the Kennedy Heading Company to the Ruby Hardwood Company, and is as follows:

"All timber cut and hauled by said party of the second part is to be paid for by said party of the second part on or before July 1, 1914, and said payment or payments are to be made directly to the Kennedy Heading Company, to be applied by it as a credit or credits on the note for eight thousand, five hundred dollars executed by the said parties of the first part to said Kennedy Heading Company for part of deferred purchase money of the lands above mentioned, there being another note of similar amount executed by said parties of the first part to said Kennedy Heading Company due July 13, 1915, for balance of purchase money of the lands above mentioned, and the payment or payments so made by the party of the second part are to be applied to the payment of the note first above mentioned, the same being due and payable on July 13, 1914.

"In the event such payment or payments to be made for timber cut and hauled by said party of the second part are not sufficient to pay said note for eight thousand, five hundred dollars due July 13, 1914, in full, then said party of the second part, as a consideration for the conveyance of the above-mentioned timber to it, agrees and binds and obligates itself to pay said note for eight thousand, five hundred dollars due on July 13, 1914, in full, together with all interest accrued on same, at or before the date of its maturity, and it further agrees that it will make said payment to said Kennedy Heading Company for timber so cut and hauled by it, on or before July 1, 1914, as hereinabove provided. Any amounts in excess of said sum of eight thousand, five hundred dollar note and the interert thereon, paid by said party of the second part for timber cut and hauled by it as hereinbefore provided, is to be paid to said parties of the first part."

The evidence on behalf of the plaintiff consists only of the note sued on with its indorsements, of the crediting on the note by the Kemler Lumber Company, with the appellant's consent, of several hundred dollars, the proceeds of timber cut from the land, under the contract of

the makers of the note with the Ruby Hardwood Company, and a letter written by the plaintiff to the Kemler Lumber Company on December 20, 1918, which is as follows:

"I write you in regard to a note you hold against Austin, Tunstall &, Purnell this note was given for land bought from Kennedy Heading Company. Ruby Hardwood Company, got the note agreeing to take timber for it. We agreed to give them four years in which to remove the timber. The time was out 18th Jan. 1918 so we are entitled to the note and would be glad for you to surrender it to me as I am now the owner of said land. I am yours rep."

No evidence was introduced in support of the allegation of the bill that the memorandum on the note of payment and the cancellation of the vendor's lien were made by fraud or mistake.

The defendant introduced among other evidence the contract filed as an exhibit to its answer, and offered, but was not permitted by the court, to prove by parol that the note therein agreed to be paid the Kennedy Heading Company by the Ruby Hardwood Company was the one here in question.

The record contains other matter not material to be set forth, in view of the point on which our decision will turn. The decree awarded the appellee a recovery.

The right of the appellee to recover depends on whether the transaction by which the Ruby Hardwood Company obtained possession of the note was a payment and discharge or was a purchase of the note. If the first, he can recover, but if the second he cannot. Whether the payment to the holder of a note by a stranger thereto of the amount due thereon is a payment and discharge of the note or a purchase of it depends on the intention of the parties to that transaction, particularly on the intention of the holder of the note. Norton on Bills and Notes (4th Ed.), 401; 3 R. C. L. 1286; 8 C. J. 588. The note here in question contains neither a general nor a special in-

dorsement by which the title thereto was transferred to the Ruby Hardwood Company; and, leaving out of view the cancellation of the lien securing the payment of the note and the contract by which the Ruby Hardwood Company purchased the timber and agreed to pay the note to the Kennedy Heading Company therein described, the only evidence of the transaction by which the Ruby Hardwood Company obtained possession of the note is the following memorandum on the back thereof:

"Paid 7/11/1914 ......................... $4,248.86
Bal. due ............................... 4,000.00
                                    "July 25, 1914.

"The within note and interest paid in full by Ruby Hardwood Co. Kennedy Heading Co., by Wm. M. Kennedy, Prest."

This memorandum not only does not indicate that the holder intended to sell the note, but, on the contrary, that the receipt of payment only was intended.

The recovery sought by the appellee being on the note and not on a promise by the appellant, either express or implied, to reimburse the Ruby Hardwood Company for the payment of the note, there being neither allegations nor proof appropriate for such a recovery, the decree of the court below will be reversed, and the bill dismissed.

*Reversed and bill dismissed.*