C. L. SHELTON AND HUSBAND, RALPH SHELTON, PLAINTIFFS, v. E. M. CODY AND J. COLEMAN RAMSEY, TRUSTEE, AND G. W. ARRINGTON, INTERVENER.

(Filed 23 September, 1936.)

**Bills and Notes B b—Whether holder intended to sell notes to volunteer paying same after maturity held for jury under the evidence.**

Husband and wife owning land by entireties and liable on a purchase money deed of trust thereon, paid one of the notes secured by the deed of

trust, and were thereafter divorced. Intervener, the father of the husband, paid the holder the amount due on the remaining notes after maturity. The wife subsequently remarried, and brought this action, with the joinder of her second husband, to have the notes marked paid and the deed of trust canceled. Intervener testified that he bought the notes from the holder and had demanded payment from his son, and the original holder of the notes testified that upon receipt of payment he turned the remaining notes over to intervener, except one of them, which he gave intervener's son to take to intervener, and that he endorsed intervener's name on the back of the deed of trust after all sums due had been paid. *Held:* While a person voluntarily paying notes after maturity cannot make himself the owner thereof without the consent of the holder, the evidence was sufficient to be submitted to the jury upon the question of whether the parties to the transaction intended the payment by intervener to constitute payment and discharge or a purchase of the notes.

APPEAL by G. W. Arrington, intervener, from *McElroy, J.,* at April Term, 1936, of MADISON. Reversed.

Action by plaintiffs against defendants Cody and Ramsey, trustee, to restrain a sale and to cancel a deed of trust on described land on the ground that the notes evidencing the debt secured had been paid. Upon his motion G. W. Arrington was allowed to intervene and allege that he was the owner and holder of the notes secured, and that same had not been paid, but had been sold and transferred to him by defendant Cody, and were still outstanding.

At the conclusion of the testimony offered by the intervener, the court sustained plaintiffs' motion for nonsuit, dismissed the interplea, and rendered judgment for the plaintiffs. From this judgment intervener G. W. Arrington appealed.

*Carl R. Stuart for plaintiffs.*
*C. R. Edney and Ramsey & McLean for defendant, appellant.*

DEVIN, J. The only question presented by this appeal is whether the intervener has offered sufficient evidence to be submitted to the jury that he was at the time the owner and holder of the notes secured by the deed of trust on the land.

The facts out of which this controversy arose were substantially these: The defendant E. M. Cody conveyed a tract of land to G. R. Arrington and his wife, Clyde L. Arrington, creating an estate by the entireties, and the said grantees executed and delivered, in part payment of the purchase price, a deed of trust on said land to defendant J. Coleman Ramsey, trustee, to secure the payment of four notes of one hundred dollars each, payable to E. M. Cody. This deed of trust was dated 12 January, 1929. Subsequently, G. R. Arrington and Clyde L. Arring-

ton were divorced from the bond of matrimony, and thereafter Clyde L. Arrington married Ralph Shelton, and she with her present husband, as parties plaintiffs, brought this action to restrain the sale under the power, alleging that the four notes had been fully paid. Thereupon G. W. Arrington, father of the former husband of the *feme* plaintiff, intervened, claiming to be the owner and holder of the four notes; that same had been purchased by him from the defendant Cody; that they had not been paid by the makers, and that the notes were still outstanding and the lien of the deed of trust subsisting.

On the trial the intervener, G. W. Arrington, testified in part as follows:

"I have lived on this land about four years. I recognize these papers (identifying the deed of trust and two of the one hundred dollar notes). That is the last notes. They have been in my possession. I bought them from E. M. Cody. I bought the papers from Mr. Cody last fall. Q. (by plaintiffs' counsel) : 'What did you pay for the notes? A. Well, I paid him for them or he would not sell them. I paid him stock for them. The value of the mules the way I traded was $75.00.' I can't say which one of those notes I paid the mule on. I can't read or write, I don't suppose I bought but one note at a time. I did not keep a record of it. I just bought the deed of trust. I paid $75.00 and then I paid a cow and a calf, and then I paid off one note. . . . I bought four notes. I have four notes in my possession that I paid for the land. There are only two notes here. When I got these papers I told my son I would have to have my money, I had waited as long as I could, . . . and he said, 'You will have to get it the best way you can.' I know when Mrs. Shelton divided the land. It was last fall. I did not have the land advertised before she divided it." On the back of the deed of trust appeared the name "G. W. Arrington," in the handwriting of E. M. Cody. E. M. Cody testified that he sold the land to G. R. Arrington and his wife, who is now Mrs. Ralph Shelton; that they paid $200.00 and gave notes and deed of trust for $400.00; that G. R. Arrington "paid the first on the notes and G. W. Arrington finished paying them"; that neither G. R. Arrington's wife nor her present husband paid anything; that G. R. Arrington paid one note in full and fifty dollars on the second. "I swapped mules with G. W. Arrington and gave him seventy-five dollars to boot, and allowed it on the debt, and when he got the deed of trust from me there was still $27.00 behind, and I gave him the remainder for a cow and calf. I did not turn all the notes and deed of trust over to G. W. Arrington, only the last one. I let G. R. Arrington have one of the notes and told him I wanted him to take it to G. W. Arrington. I delivered the deed of trust to G. W. Arrington and made the entry on the deed of trust of G. W. Arrington's

name.  G. R. Arrington left the notes with me.  George (G. W. Arring-- ton) stepped into the trade and I told him to take them over.  G. W. Arrington got the last note from me."

Ordinarily, when a person volunteers to pay the note of another he cannot by such payment make himself the owner of the note without the consent of the holder thereof (*Bank v. Craig,* 63 Ohio St., 374). But an agreement to purchase the notes as between such third person and the holder will control.  8 C. J., 588; 3 R. C. L., 1287.

When a note is paid by a third party after maturity, whether it is to constitute a payment and discharge, or a purchase, is a question of intention to be determined as a fact from the acts and declarations of the parties and from the surrounding circumstances.  *Wallace v. Grizzard,* 114 N. C., 488; *Wilcoxon v. Logan,* 91 N. C., 449; *Jones v. Bobbitt,* 90 N. C., 391; *Brem v. Allison,* 68 N. C., 412; *Purnell v. Gillespie,* 126 Miss., 60.

Here there was evidence sufficient to warrant submission to the jury that the notes, or some of them, were purchased by the intervener pursuant to an agreement with the defendant Cody, the holder thereof.

For the reasons herein set forth, the judgment of nonsuit as to the intervener, G. W. Arrington, must be stricken out, and the issue raised by the pleadings and supported by evidence submitted to a jury under appropriate instructions.

Reversed.