M. H. LOVE et al. v. NANCY L. McCLURE.

*Dower—Evidence—Contract for Sale of Land—Widow—*
*Vendor and Vendee—Parties.*

1. The right of the wife to dower is paramount to and does not arise
   from the estate of the heir, but is a continuation of that of the
   husband.

2. Where the husband entered upon land under a contract for its pur-
   chase, paid the price, but died before a conveyance was made to
   him, leaving his widow in possession; *Held*, that the vendor could
   not recover from her the possession of the land, and that upon a
   verdict being rendered establishing the fact of the payment of
   the purchase money, she was entitled to judgment, notwithstand-
   ing the heirs at law of her husband were not parties to the action.

3. The declarations of the heir of the husband are not competent against
   the widow upon the trial of an action wherein it is sought to de-
   feat her right to dower.

DEFENDANT'S APPEAL.

CIVIL ACTION, for the recovery of land, tried before *Graves*,
*J.*, at Spring Term, 1887, of HAYWOOD Superior Court.

The plaintiffs are the heirs at law of J. R. Love, and allege
that they are the owners of the land described in the com-
plaint, and that the defendant is in possession thereof and
wrongfully withholds the same, &c.

The defendant Nancy L. McClure denies the allegations
of the complaint, and as a defence to the action, and for af-
firmative relief, alleges that J. R. Love, the ancestor of the
plaintiffs, in 1858, executed to Wm. McClure, now deceased,
a bond for title to certain lands described in the answer, and
the bond for title fully set out therein, and that the land
mentioned in the complaint is included in the land so men-
tioned in the bond for title, and that Wm. McClure in his
lifetime fully paid off and discharged the notes mentioned

in the bond for title as the price of the land and was entitled
to a deed in fee therefor; that Wm. McClure died in 1866
intestate, leaving the defendant his widow and the children
named in the answer as his heirs at law, " and the defendant
was entitled to dower in said land and now holds the same
as widow of said William McClure," &c.; that J. R. Love
died in 1863, leaving a last will and testament, which was
duly proved and the executors therein named duly qualified;
that the bond for title was duly registered in the Register's
office of Haywood County on the 15th of January, 1867;
that J. R. Love in his life-time, and his personal representa-
tives since, have sold portions of the land mentioned in the
bond for title as set out in the answer.

She asks that the surviving executors of J. R. Love (who
are named) be made parties plaintiffs, and that the heirs at
law of Wm. McClure (who are named) be made parties de-
fendants; that a decree he made requiring the executors of
J. R. Love and the plaintiffs to convey the lands mentioned
in the bond for title to the heirs at law of Wm. McClure, and
if they can not convey the whole of the land, then for damages
for so much as they may be unable to convey, and for such
further relief as she may be entitled to.

At the special term, July, 1885, it was, by the Court, re-
ferred to the Clerk of the Superior Court to ascertain and
report upon certain facts and to state an account. At the
same term the following entry was made: " Leave granted
to make the executors of J. R. Love parties plaintiff, and the
heirs of Wm. McClure, deceased, parties defendant, and
pleadings to be amended accordingly."

The referee made his report to the Spring Term, 1886,
which, with the defendants' exceptions thereto (twenty in
number), is fully and at length set out in the record, but in
the view taken by this Court, it is only necessary to men-
tion that the referee reported that J. R. Love executed
to Wm. McClure, the husband of the defendant, the bond

for title, &c., as alleged in the answer; that the purchase money had not been paid, and that the 18th and 20th exceptions to the report were as follows:

" 18. That the referee erred in finding as a legal conclusion or fact that the purchase money for the land had not been paid, or any part thereof, as there was no testimony to warrant such finding.

\*          \*          \*          \*          \*          \*          \*

" 20. And the defendant asks that a jury pass upon the issue of payment, and such other issue as may be necessary, to determine the merits of this action."

Upon the hearing on the report of the referee and the exceptions thereto, at said term of the Court, the following order was made:

" This cause coming on to be heard, and being heard on exceptions to the report of the referee, made to this term, the exceptions filed by defendant from number 1 to number 19, both inclusive, are overruled by the Court, and defendant excepts to the ruling of the Court.

It appearing to the Court that the defendant has demanded a jury trial in exception number 20, the Court holds that the defendant, by virtue of said last named exception, is entitled to have the issue of payment of the notes mentioned in the bond for title passed upon by a jury, and that the burden will be upon the defendant to show affirmatively the actual payment of the notes mentioned in said bond for title.    Defendant excepts.

" The following issues are framed, to be submitted to a jury at the next term of the Court, involving only the question of payment:

" 1. Have the notes mentioned in the bond for title, executed by testator of plaintiffs to defendant's husband, William McClure, been actually paid in full?

" 2. If not, what sum has been actually paid by defendant

or her said husband, or any agent of either, on the $477 note?

" 3. What sum has been paid on the $823 note?

" 4. What sum has been so paid on the $150 note?

" Defendant excepts."

At the Spring Term, 1887, these issues were submitted to a jury, and the response to the first was in the affirmative, which rendered an answer to the others unnecessary.

The plaintiffs moved for a new trial, which was refused, and thereupon the defendant asked judgment:

" For a decree for the plaintiffs to execute title to the heirs at law of William McClure and for costs. This judgment the Court refused to grant, for that theretofore the Court had adjudged that the heirs of Wm. McClure were necessary parties, and had ordered them to be made parties, and now after the verdict, upon inspecting the record, found that they had not been made parties."

Thereupon the defendant moved the Court for judgment as follows:

" This cause coming on to be heard upon the complaint, answer, issues submitted and found by the jury, and it appearing to the Court that the defendant is the widow of William McClure, and that said William McClure had the bond of James R. Love, ancestor and testator of plaintiffs, for title to the land in controversy; and it further appearing to the Court from the issues submitted and found by the jury, that the said William McClure, in his lifetime, fully paid the purchase money to said James R. Love for said lands, and that the widow, Nancy L. McClure, the defendant, is entitled to dower on said land: On motion of counsel for defendant, it is considered by the Court that plaintiffs take nothing by their writ, and the defendant have and recover of plaintiffs and security in prosecution, the costs in this behalf to be taxed by the Clerk."

This motion the Court refused, and declined to make any judgment until all the facts necessary to a full determination of the matters in controversy were properly ascertained. From the refusal to grant the judgment asked for the defendant appealed.

*Mr. R. D. Gilmer,* for the plaintiffs.
*Mr. E. R. Stamps,* for the defendant.

DAVIS, J., (after stating the case). In *Kirby* v. *Dalton,* 1 Dev. Eq., 195, the widow claimed dower in land purchased but which had not been paid for by her husband, and the title to which had been retained by the vendor as security for the payment of the purchase money. It was there held that the widow was not entitled to dower in her husband's equities, and that even if she was so entitled (as she now is by statute since enacted) her right would be subordinate to the vendor's right to have the purchase money paid, but in the case before us it has been found as a fact by the jury that all the purchase money was paid in the lifetime of the husband. If he were living, having paid for the land, the plaintiff could not recover the possession of him ; having died, the widow's possession was a continuation of his, so that neither could J. R. Love, if living, or his heirs at law, he being dead, recover the possession of her. The defence of the widow against the vendor, who had been paid in full, would be the same as that of the husband, if suit had been brought against him, and as no recovery could have been had against him, so none can be had against her. The right of the widow to dower is a legal right, and is prior to that of the heir. *Campbell* v. *Murphy,* 2 Jones Eq., 357.

She has the right to have any charge or incumbrance upon the land removed by an application of the personal assets to that purpose. *Kluntz* v. *Kluntz,* 5 Jones Eq., 80 ; *Carson* v. *Cooper,* 63 N. C., 386. Her possession is rightful. It is a

continuation of. that of the husband.  It is not adverse to
that of the heir.  *Page* v. *Branch,* 97 N. C., 97; *Grandy* v.
*Bailey,* 13 Ired., 221; *Buffalo* v. *Newsom,* 1 Dev., 208; *Williams* v. *Bennett,* 4 Ired., 122.

When the vendee has paid the purchase money for land
and died, the widow may institute an action (formerly a bill
in equity) against the heirs of the deceased husband and
the vendor, or his heirs, if he be dead, to compel a convey-
ance of the land and assignment of dower to herself. *Smith*
v. *Smith,* Winst. Eq., (Hinsdale's Ed.) 581.  If being out of
possession, she could bring her action to compel the assign-
ment of dower, it' must follow that being in possession, the
equitable title being out of the vendor, he (or in this case
his heirs) cannot recover of her.

In *Norwood* v. *Morrow et al.,* 4 Dev. & Bat., 442, it was
held that a widow was not bound to await the action of the
heirs at law of her deceased husband to regain the posses-
sion of land held adversely under a deed from the husband
which was void because of an illegal consideration.  She
could file her petition against the person in possession under
the void deed and the heirs of her deceased husband.  In
that case it is said by RUFFIN, C. J., that it is "not true that
the wife gets her dower necessarily from the heir.  She
claims paramount to the heir.  *  *  *  In point of title,
her estate does not rise or take effect out of the ownership
of the heir or other person making the assignment, but is
considered a *continuation* of that of the husband.  *  *  *
She does not require the assistance of the heir, but brings
her action against any person who has the freehold, whether
that be the heir or any other.  *  *  *  That this must be
so, is evident when it is recollected that at common law the
wife was entitled to dower (as she is now since the statute re-
storing common law right of dower,) in all the land of which
her husband was seized at the time of coverture, and that
his conveyance did not defeat the right   Consequently she

was entitled when the heir had nothing in the land, and therefore she was obliged to assert the right for herself."

If, in this case, the widow were out of possession, and bringing her action against the plaintiff, they would be concluded in equity from setting up their mere legal title against her right to dower; and if so, it must follow, that being equitably in possession, she cannot be required to surrender that possession to persons who have no equitable right to it, and who, if in possession, could be declared trustees as to the legal title, and made to surrender the possession.

Nothing appears in the record except the entry made at July Special Term, 1885, to show that the heirs of William McClure were made parties, or that any answer or other action in the cause was made, or had by or against them. Whether the order to *amend* the pleadings as shown by that entry has not the legal effect of an actual amendment and does not make them parties, as the intimation in *Walton* v. *Pearson*, 85 N. C., 34, would seem to warrant, is not presented by the appeal which is only taken by the widow, but however that may be, for the purpose of her *defence*, the heirs of her husband are not necessary parties, and we are of the opinion that as against her, she is entitled to the judgment, that the plaintiffs take nothing, &c., and for her costs, and for the refusal to grant the motion for this judgment, there is error.

Error.

PLAINTIFF'S APPEAL.

In addition to the facts stated on the defendant's appeal, the following is necessary to a proper understanding of the question presented on this appeal:

"Upon the trial by a jury on the question of the actual payment of the purchase money by William McClure, evidence was offered tending to show actual payment by the defendant. In reply the plaintiffs offered evidence tending

to show that the purchase money had not been paid, and offered to show by a witness the declarations of McClure, a son and heir of William McClure, and son of defendant, that the purchase money had not been paid. The defendant objected, and the objection was sustained, and thereupon the plaintiff excepted.

There was a vedict finding that the purchase money had been paid.

The plaintiff moved for a new trial for the alleged error in excluding their evidence, and for that· the verdict was contrary to the weight of the evidence, and these motions were refused, and the plaintiff appealed."

Aside from the vagueness of the declarations of McClure, offered to prove a negative, upon the idea, we suppose, that being a son and heir of William McClure, the declarations were against his interests, we are at a loss to see how any declarations of his as to what had *not* been done by William McClure or any one else can be evidence against Nancy L. McClure. He might have him introduced and examined as a witness and if he knew any *facts* tending to show that the purchase money had not been paid, his testimony would have been competent, but his *declarations* could not be evidence against her. It does not appear where, or under what circumstances the alleged declarations were made. They were in no way connected with the defendant, who claims "under the law," as was said in *Pinner* v. *Pinner et al.*, Busbee, 475, in which one of the defendants and heir of William Pinner sought to defeat the dower of his widow, by asserting title under a deed from her deceased father alleged by the widow to have been made a short time before his death, with the intent to defraud her of her dower, and therefore void, and the declaration of the deceased husband, made about a month before his death, to the effect that he had made the deed to his daughter "for the land many years ago," was held to be incompetent.

If the declaration of the deceased husband, in whom the seizin was alleged by the widow to have been at the time of his death were not competent as against her, certainly the declarations of the heir, not of the existence of some fact, but of the non-existence of some alleged fact, could not be competent. There was no error in excluding the proposed declaration.

This Court cannot consider the exception to the refusal to grant a new trial because the verdict was contrary to the rights of the widow. As has been often held, that was a matter of discretion from which there is no appeal.

Affirmed.