E. EVERETT, Adm'r, et al. v. W. C. NEWTON.

*Deeds as Evidence—Lost Records—Presumptions in favor of Proper Proceedings in the Courts—Adverse Possession defined—Equivocal Possession— Widow's Possession Not Adverse to Heir—Recitals in Deeds of Commissioners—The Code, Secs. 69,70.*

1. Where a deed is offered in evidence no objection lies except to the regularity of the probate and registration, the court having the power always to reserve the questions of relevancy and legal effect till a subsequent stage of the trial. Therefore an objection, *in limine*, for all purposes cannot be sustained.

2. In order to ripen into title a possession must not only be open, notorious, adverse and continuous during the statutory period, but it must be unequivocal.

3. The test of the sufficiency of the possession to fully mature title depends upon the question whether a right of action had existed for the statutory period, when the suit was instituted, in favor of the parties against whom the benefit of lapse of time is claimed.

4. The possession of a widow is not adverse to the heirs of her husband.

5. Where the original papers of the judgment roll are lost or destroyed, but the rough minute docket of the court shows that a petition to sell land for assets was filed, and the other dockets show memoranda of an order for publication for non-resident defendants, that an order of sale was made, report of sale filed and judgment of confirmation, there is a presumption of law, independent of the statute, *The Code*, Secs. 69, 70, that the publication was made as ordered, and proper proof of it filed before the judgment of sale was entered.                                              •

6. Recitals in a commissioner's deed that the sale was made under a judgment of the court are *prima facie* evidence of the "binding force" and validity of such judgment, as against all persons who were parties to such judgment. This by virtue of *The Code*, Secs. 69, 70.

CIVIL ACTION, tried before *Starbuck*, *J.*, at Spring Term, 1895, of SWAIN Superior Court.

Verdict and judgment in favor of plaintiffs and appeal by defendant.

The facts are sufficiently set out in the opinion.

*Mr. A. M. Fry*, for plaintiffs.

*Mr. J. W. Cooper*, for defendants (appellants).

AVERY, J. : The land in controversy was granted by the State to the defendant, William Newton, in the year 1854, and he now contends that the title has never passed out of him. . The plaintiffs, who are (except the plaintiff administrator) heirs-at-law of Clark Whittier, claim through a deed which they allege was executed by the defendant to his father, Solomon Newton, and which was lost or destroyed, and through mesne conveyances to their ancestor Clark Whittier, who devised to them as tenants in common. There is no controversy as to the execution of the mesne conveyances. They likewise allege that Solomon conveyed at one time to one W. P. Hyde, and that Hyde reconveyed to Solomon, but that the last-named deed has also been lost or destroyed. Upon an issue submitted the jury found that the defendant did execute a deed for the land in controversy to Solomon Newton, as alleged, and in response to a second issue, that Hyde also conveyed the same land to Solomon before his death. Solomon and his wife, according to the undisputed testimony, lived on the land before his death, and he died before 1866. In deraigning title from Solomon the plaintiffs offered in evidence a deed from William R. Grant, administrator of Solomon Newton, dated the 15th of January, 1869, conveying the land in controversy to James S. Queen, subject to the right of the widow of Solomon to dower, in which deed it is recited that the sale was made

on the 24th day of December, 1867, by virtue of a decree of the Court of Pleas and Quarter Sessions of Jackson county, (in which the land now embraced in Swain county was then situated) at public auction, and James S. Queen became the highest bidder.

If the land passed to Queen, it is not controverted that whatever title he acquired was transmitted to the plaintiffs, the devisees of Clark Whittier. But despite the finding that he conveyed to his father, the defendant still relies upon his own testimony, and that of another witness, to prove that in 1866 he (defendant) directed his mother, Keziah Newton, to go upon the land and keep it for him till his return, and that he gave her the grant for it and left the State, remaining absent until 1889, when he came back and took possession from Amburn, with whom he had a fight about the land. The plaintiffs offered evidence for the purpose of showing the existence of the records of proceedings by the administrator for sale of, and by the widow of Solomon Newton for allotment of dower in, the land. The exception to the admissibility of the deed from Grant, administrator, was without merit. The objection *in limine* to its introduction for all purposes cannot be sustained, because it has more than once been held by this Court that no objection lies to the introduction of a deed as evidence when offered, except to the regularity of the probate and registration, the court having the power always to reserve the questions of relevancy and legal effect till a subsequent stage of the trial. *Vickers* v. *Leigh*, 104 N. C., 248; *Cox* v. *Ward*, 107 N. C., 507; *Wilhelm* v. *Burleyson*, 106 N. C., 381; *Hodges* v. *Wilkinson*, 111 N. C., 56. But the exception upon which the defendant relied chiefly was to the refusal of the court to instruct the jury that there were certain aspects of the testimony in which they might find that the title of the

defendant had matured by possession, notwithstanding the fact that he had conveyed the land to his father as alleged. The instruction asked was based upon the theory that, if the jury believed the testimony offered for the defendant, his mother went upon the land in 1866, as his tenant, and that the land was occupied till her death in 1888 either by herself or those who held under her and whose possession enured to the benefit of the defendant, they holding up to visible lines and boundaries. The court refused to instruct the jury at the request of the defendant that the possession of his mother and those holding under her from 1866 till 1888 enured to his benefit so as to ripen title in him, because they could not destroy the privity with him as tenants except by surrender or eviction, and that their possession for twenty years, up to visible lines and boundaries, matured title in him. The contention of counsel on the argument was confined chiefly to the single question whether the court erred in refusing this instruction. It being found that the land had been conveyed by the defendant to his father who held under the deed, when he died, neither the defendant as the grantor from the State, nor he or the other heirs of Solomon Newton as heirs, nor any one claiming through them by a deed reserving a right to dower like all of the mesne conveyances after that of Grant to Queen, could have maintained an action for possession against her or her grantee during her life, because the possession was not adverse to them. *Avent* v. *Arrington*, 105 N. C., 377; *Love* v. *McClure*, 99 N. C., 290. Her life estate was an elongation of the husband's estate, and as widow she held in privity with not adversely to the heirs and those claiming under them, certainly under conveyances made expressly subject to her right. Granting that the defendant told her to enter, and that she consented to do so, if the plaint-

iffs' ancestor, Clark Whittier, had brought an action for
the possession, it would have been a sufficient answer that
the claimants held subject to her right to occupy the land
as dower. In order to mature title the possession must
not only be open, notorious, adverse and continuous during
the statutory period, but it must be unequivocal. *Osborne
v. Johnston*, 65 N. C., 22 ; *McLean* v. *Smith*, 106 N. C.,
172. The test of the sufficiency of the possession to fully
mature title depends upon the question whether a right of
action had existed for the statutory period when the suit
was instituted, in favor of the parties against whom the
benefit of lapse of time is claimed. *State* v. *Suttle*, 115
N. C., 784 ; *Boomer* v. *Gibbs*, 114 N. C., 76 ; *Hamilton* v.
*Icard*, 114 N. C., 532 ; *Osborne* v. *Johnston, supra*. If,
therefore, no action could have been maintained by the
plaintiffs as claimants through the heirs-at-law of Solomon
against those holding under the widow, the statute did
not run, in any aspect of the evidence, against them before
her death in 1888. It follows that there was no error in
the ruling of the court that neither plaintiffs nor defend-
ant, in any aspect of the testimony, had offered evidence of
possession under color, which should be submitted to the
jury as tending to prove title.

It was agreed that the court should find the other facts,
and enter the responses to the third issue involving the
question whether the defendant, William Newton, was a
party to a special proceeding, by virtue of a decree in
which Grant, adminitsrator of Solomon, sold and conveyed
the land to Queen, and to the issue of title numbered
four. In the deed of Grant, administrator of Solomon
Newton, was a recital of the fact that the sale was made,
as already stated, on December 24th, 1867, in pursuance
of a decree of the Court of Pleas and Quarter Sessions of
Jackson county. There was abundant evidence to prove

that most of the records of said court were lost or destroyed, and the record of the pleadings and orders in this particular proceeding could not, after diligent search by suc essive clerks, be found. It appeared, however, from the rough minute docket of the Court of Pleas and Quarter Sessions of Jackson county, that a petition to sell land was filed at the December term, 1866, entitled W. R. Grant, administrator of Solomon Newton, deceased, against William Newton and others. At the next term, April, 1867, there appears upon the minute docket an order that publication be made for six successive weeks in the Henderson *Pioneer*, a newspaper published in Hendersonville, for G. W. Cline and wife, Lorena, Alfred Shuler and wife, Marion Newton and William Newton, who, as it appeared to the satisfaction of the court, were non-residents, to appear at the next term to be held on the 4th Monday in July, 1867. At the next July term there was an entry made upon the minutes that the order of sale was allowed, and at the December term the minute made in the same proceeding is, "Report of sales, confirmed by the court and filed. Judgment for costs against the administrator to be taxed by the clerk." Leaving out of view the provisions of the statute, (*The Code*, Sections 69 and 70,) the law would presume, when the papers have been destroyed, that the publication was made as ordered and proper proof of it filed before the decree of sale was entered at the succeeding July term. The papers being now shown to have been lost or destroyed, the presumption arises upon this state of facts that the court acted upon the prescribed proof that the defendant, William Newton, had been made a party by publication. Lawson Pre. Evidence, p. 34, *II.*, *III.* The testimony of the defendant that there was no actual service, did not tend to rebut the presumption that he was duly made a party by

publication.    But the recital in the deed  which  refers to
the decree so as  to identify it is,  of itself,  *prima facie*
evidence of its " binding force "  and validity  as  against
all persons " who were parties to said decree."    *The Code,*
Sections 69 and 70 ; *Dail* v.  *Sugg*, 85 N. C., 104 ; *Dur-
ham* v.  *Wilson*, 104 N. C., 595.

The finding of the court, therefore, upon an inspection of
the record and deed that there was a presumpt·on that the
defendant  was a  party, was supported  by the record and
deed from which the facts are gathered, and is sustained in
its legal aspects  by the statute and authorities cited.    The
judge was  authorized  by the  parties to find the facts in
relation to that branch of the case, and upon the evidence
was warranted in holding, in the  capacity  of juror, that
the presumption was not rebutted by  the defendant's tes-
timony.    It may not be amiss to mention that the discrep-
ancy between the printed and written records upon a very
important point misled us for some time.    The word "not "
was omitted in the printed record, so as to make it appear
as  the finding of the  court  that  the presumption  was
" rebutted "  by the testimony of  William  Newton.

No Error.    Affirmed.