### BENJAMIN FORBES ET AL. v. J. C. LONG ET AL.

(Filed 20 September, 1922.)

**1. Mortgages—Contract to Convey—Equity of Redemption—Dower.**

The grantee in possession of land under a contract to convey holds in the nature of an equity of redemption by mortgage, in which his wife, after his death, is entitled to dower.

**2. Same—Possession—Widows—Limitation of Actions—Heirs.**

The dower interest of the wife in the equity of redemption of lands formerly belonging to her deceased husband, held by her in continued possession after his death, is superior to the right of the husband's heirs at law, but not adverse in the sense that it would start the running of the statute of limitations against them.

**3. Same—Children of First Marriage—Evidence.**

The husband was in the possession of land in the nature of a mortgagor, and after his death his wife by a second marriage continued thereon. The mortgage was canceled out of the estate of the deceased husband, after his death, and the mortgagee conveyed the land to his children as heirs at law, some of them by the first and some by the second marriage: *Held*, the possession of the wife after the death of her husband did not start the running of the statute of limitations, or ripen the title in her by adverse possession as against the children of the husband by the first marriage. The character of the wife's possession under the evidence in this case at least raised a question for the jury.

**4. Trials—Argument of Counsel—Depositions Withdrawn—Approval of Court—Orders.**

A party to an action may not withdraw depositions he has had taken from the files of the court without leave and an order from the court,

and upon his so doing, the counsel for the adverse party may argue to the jury that the depositions were unsatisfactory to the party at whose instance they had been taken.

APPEAL by defendants from *Allen, J.,* at January Term, 1922, of PASQUOTANK.

This was a special proceeding, the petitioners alleging that they were tenants in common, each owning one-eighth of an undivided interest, and that the defendants owned the other three-fourths of the land in question. From a verdict and judgment in favor of the plaintiffs, the defendants appealed.

*W. I. Halstead and Ehringhaus & Small for plaintiffs.*
*Aydlett & Simpson for defendants.*

CLARK, C. J. The land in question admittedly belonged to one Buffkins, who made a deed in March, 1875, "conveying it to John, Virginia, Cordelia, James, Ambrose, and Edgar L. Forbes, children and heirs at law of Isaac Forbes." Before his death, said Isaac had gone into possession of these lands under a contract to convey. The plaintiffs are two of the grandchildren of said Isaac Forbes, being the children and heirs of John Forbes, son of Isaac, named in the deed. The defendants have admittedly acquired the interest of the other heirs at law of Isaac Forbes, named in the deed.

After the death of Isaac Forbes, his widow, Mary (afterwards Mrs. Boyce) remained on said lands with a part of the children, who gradually moved away, she remaining there with one of the sons, Edgar, an imbecile, until he was carried to the county home. She also paid some taxes on the lands and collected rents. The plaintiffs' ancestor was not on the land, and lived in another part of the county.

These plaintiffs left their step-grandmother unmolested as long as she lived, but after her death, when they undertook to assert their claim for their undivided interest, the defendants, who had then acquired all the other interest, denied the plaintiffs' right to a share in the land, alleging that Mrs. Boyce, the grandmother, by adverse possession, had acquired title.

Upon the face of the deed from Buffkins, and the recitals therein, Isaac Forbes was a mortgagor in possession prior to his death for the retention of title by Buffkins, as set out in the deed made the bargainee a mortgagee, and Isaac Forbes was the possessor, therefore, of an equity of redemption in the premises. The possession by his widow after his death was rightful, and not adverse to his heirs. She was entitled to dower in the lands, and therefore the period of her possession cannot be counted against the plaintiffs or their father, heirs at law of her hus-

band. Besides, nearly all the time some of the heirs at law were living with her on the land. There is no scintilla of evidence of a denial of their right at any time by their step-grandmother. The possession of the widow is not adverse to the heir. *Everett v. Newton,* 118 N. C., 919; *Malloy v. Bruden,* 86 N. C., 251; *Melvin v. Waddell,* 75 N. C., 361. Her estate was an elongation of her husband's estate, and, as widow, she held in *priority* with, not adversely to, the heirs and those claiming under them. *In re Gorham,* 177 N. C., 277; *Love v. McClure,* 99 N. C., 295.

The court properly refused the defendants' motion for a nonsuit. Upon the face of the record the plaintiffs and defendants were tenants in common, and the character of Mrs. Boyce's possession would have been in any view for the jury to determine.

The defendants, several months before the case was called for trial, had taken certain depositions out of the State, which were sealed and sent to the clerk of the court, but the defendants withdrew them from the files without any order of the court or consent of the plaintiffs. When the case was called, the plaintiffs moved the court to compel the depositions to be returned. The court so ordered, and the defendants excepted. The defendants had no right to remove them from the files without leave, and the order of the court for their return was proper. During the argument the attorneys for the plaintiff referred to the depositions, which were still unopened, and argued to the jury that they were unsatisfactory to the defendants; otherwise, they would have given the jury the benefit of their contents. We do not see that this was an unreasonable inference or an unfair argument, and, indeed, it does not appear in the record that there was any exception on this ground.

No error.