W. S. HODGIN AND WIFE, CORNELIA HODGIN, v. TOWN OF LIBERTY.

(Filed 18 November, 1931.)

1. **Trespass to Try Title A f—Objection to admission of deed where the probate is not defective is properly overruled.**

Where, for the purpose of establishing title, the plaintiff offers a deed in evidence, an objection to its admission on the ground that it did not convey title is properly overruled where the probate is not defective, the relevancy and legal effect of the deed being reserved until a subsequent stage of the trial.

2. **Adverse Possession C b—Deed held properly admitted in evidence to show extent of boundaries claimed by plaintiff.**

Where the plaintiff attempts to establish title to lands by adverse possession in an action in which the State is not a party, a deed, insufficient to convey title or to constitute color of title, is competent evidence to show, by the description in the deed, the metes and bounds up to which the plaintiff claims title by adverse possession for a period of twenty years. C. S., 430, 426, and evidence that the plaintiff had received the deed and paid the agreed purchase price is competent to show that the possession was adverse to all others and was in the character of owner.

3. **Municipal Corporations E f—Held: charge limited recovery to damage to land owned by plaintiff and was free from error.**

Where, in an action to recover damages to lands caused by the defendant's sewerage system, the trial court instructs the jury that it should restrict its award to the acreage owned by the plaintiff, an exception to the introduction in evidence of testimony of the value of contiguous lands will not be held for reversible error when such evidence relates to the value of the lands in controversy, nor will the instruction be held erroneous as implying that a recovery could be had for damages to such contiguous lands although the jury might have considered the testimony in arriving at the value of the land owned by the plaintiff.

4. **Same—Charge of court relating to plaintiff's right to recover damages to lands resulting from sewerage system held correct.**

Where in an action to recover damages resulting to lands from the defendant's sewerage system the trial court correctly defines a nuisance as anything which works hurt, inconvenience, or harm, or which essentially interferes with the enjoyment of life or property, and correctly applies the principles of law to the evidence in the case, the charge is correct and the defendant's exception thereto will not be sustained.

5. **Same—Charge relating to recovery of permanent damages resulting to plaintiff's land from defendant's sewerage system held correct.**

Where, in an action to recover damages to land resulting from the defendant's sewerage system, the charge, containing a concise statement of the rule for assessing permanent damages, will not be held for reversible error because stating the rule in general terms, it being incumbent on the defendant to request special instructions if a more specific explanation was desired.

APPEAL by defendant from *Frizzelle, J.,* at Second May Term, 1931, of ALAMANCE. No error.

The plaintiffs brought suit to recover damages for injury to their property alleged to have been caused by sewage emptied by the defendant into Rocky River. Upon the pleadings filed the jury returned the following verdict:

1. Are the plaintiffs the owners of the land described in the complaint? Answer: Yes.

2. Have the plaintiffs been damaged by the installation and maintenance of the sewerage system by the defendant, as alleged in the complaint? Answer: Yes.

3. What permanent damages are the plaintiffs entitled to recover of the defendant on account of the installation and maintenance of said sewerage system? Answer: $1,350.

Judgment for plaintiffs; appeal by defendant upon error assigned.

*J. A. Spence and J. Dolph Long for appellant.*
*J. Elmer Long and Louis C. Allen for appellee.*

ADAMS, J. For the purpose of establishing their title the plaintiffs offered in evidence a written instrument purporting to be a deed executed on 22 October, 1904, by D. J. Staley and his wife. The writing contains the recital of a conveyance to "said Hodgins" (not previously named) and his heirs of a one-half interest in 6½ acres described by metes and bounds. The defendant objected to the introduction of the paper and entered an exception to its admission. The exception must be overruled on the principle that such an objection will not be sustained as a rule unless the probate is defective. *Wilhelm v. Burleyson,* 106 N. C., 381. To the introduction of a deed in evidence no objection lies except to the regularity of the probate and registration, the court having the power to reserve the question of relevancy and legal effect until a subsequent stage of the trial. *Everett v. Newton,* 118 N. C., 919. The probate is in due form but the legal effect of the paper is subject to challenge.

The appellant says that the instrument is void and that it conveys no title. If this position be conceded is there any view in which the purported deed may be considered?

Title to real property may be established by adverse possession with or without color of title. Let us grant the appellant's contention that the paper is not color of title. In all actions involving title to real property title is conclusively presumed to be out of the State unless the State is a party to the action. C. S., 426. Title, when it is out of the State, may ripen against all persons not under disability by adverse possession

under known and visible lines and boundaries for twenty years. C. S., 430; *Mobley v. Griffin,* 104 N. C., 112; *Campbell v. Everhart,* 139 N. C., 502; *Stewart v. Stephenson,* 172 N. C., 81.

With respect to the issues the court instructed the jury that the plaintiffs were restricted to the area described in the instruments under which they claim title; and it was competent to show by the description in these instruments the metes and bounds up to which the plaintiffs claimed adverse possession. *Mobley v. Griffin, supra; Barfield v. Hill,* 163 N. C., 262.

Evidence tending to show that W. S. Hodgin had received the contested deed and had paid the agreed price was competent. In fact on cross-examination in response to a question asked by the defendant he said that he bought and paid for "what my deeds call for." He testified, in addition, that the plaintiffs had been in possession of the land up to the described boundaries for about thirty years. His testimony, as we understand it, shows that continuous and adverse possession was exercised in the character of owner, in opposition to the right or claim of any other person. *Loftin v. Cobb,* 46 N. C., 406.

We do not interpret the instruction to which the fiftieth assignment of error relates as implying that title to land outside the boundaries in the purported deeds was in controversy or that damages could be awarded for the several tracts aggregating forty acres. There was testimony on each side as to the value of this land but the court restricted the award of damages to the acreage described in the deeds. Consideration of the value of the entire forty acres may have aided the jury in determining the damages to which the plaintiffs were entitled for injury to the restricted area. At any rate we are of opinion that the instruction was in no way prejudicial to the defendant.

We have examined assignments 18-42 and deem it unnecessary to discuss them seriatim. While some of the testimony may be remote it all relates to the question of the market value of the property in controversy and as the court specifically instructed the jury that the plaintiffs were restricted to the area described in their deeds and that this instruction should be construed by the jury in passing upon the third issue, we find no sufficient cause in these assignments for granting a new trial. The same principle applies to assignments 9, 25-41.

Assignments 51, 52, and 53 are based on the contention that the jury was instructed in substance that if the defendant had polluted or contaminated the water of Rocky River by discharging sewage in it the action was such an interference with life and property as constituted a nuisance. This, we think, is not the substance of the instruction. The judge defined a nuisance as anything which works hurt, inconvenience,

or harm, or which essentially interferes with the enjoyment of life or property, almost literally following the definition approved in *Cook v. Mebane,* 191 N. C., 1. The instruction immediately following was a practical application of the definition to the testimony of the witnesses, and is free from error; and the instruction in reference to permanent damages substantially conforms to the previous decisions of this Court, *Moser v. Burlington,* 162 N. C., 141; *Cook v. Mebane, supra; Wagner v. Conover,* 200 N. C., 82.

The charge in the present case is not subject to the objectionable clause in *Moser v. Burlington, supra.* It contains a concise statement of the rule for the assessment of permanent damages. We cannot say that it was reversible error for the court to have instructed the jury in general terms on the issue of permanent damages. *Simmons v. Davenport,* 140 N. C., 407. If a specific explanation of any essential feature of the rule was desired the appellant to this end should have tendered a prayer for special instruction.

The familiar principles which are controlling in this case have been fully discussed in recent opinions and we see no adequate reason for reviewing the decisions or restating the principles. We find

No error.