This was an action originally instituted in the general county court of Buncombe County by the plaintiff against the defendant O. K. Bennett, trustee, wherein it is sought to have plaintiff's title quieted to Lots 20 and 27 in Middlebrook subdivision, Buncombe County, under the provisions of C. S., 1743, by having declared void a deed of trust upon said lots executed by Mary Elizabeth Dillingham to O. K. Bennett, trustee, securing a note for $500.00 payable to C. C. Willis, agent, recorded in office of the register of deeds for Buncombe County, 21 August, 1937, in Book of Deeds of Trust 354, at page 347, the gravamen of the action being that said deed of trust was executed by Mary Elizabeth Dillingham as if she were a feme sole, whereas at the time of the execution thereof, 14 August, 1937, she was married to and was living with one Howard Scarborough, who did not execute said deed.
The defendant O. K. Bennett, trustee, answered and denied the allegations of the complaint, and alleged that the deed of trust mentioned therein had been foreclosed and that deed to the Lots 20 and 27 therein described had been made by him to L. H. Gardner, who became the last and highest bidder therefor at the foreclosure sale; and suggested that the said Gardner be made a party defendant.
L. H. Gardner was duly made party defendant, and came into court and filed answer wherein he denied the allegations of the complaint, and by way of further answer and counterclaim alleged that he was the owner and entitled to the possession of the said Lots 20 and 27, by virtue of deed from O. K. Bennett, trustee, made pursuant to foreclosure of said deed of trust, and asked that judgment be entered that the plaintiff take nothing by its action and that he, L. H. Gardner, be declared owner and entitled to the possession of the locus in quo.
The plaintiff filed reply to the further defense and counterclaim of the defendant L. H. Gardner in which it denied that there had been a valid foreclosure of said deed of trust to O. K. Bennett, trustee, from Mary Elizabeth Dillingham, and adopted and reiterated its allegations in the complaint to the effect that said deed of trust was never validly executed by Mary Elizabeth Dillingham, the purported grantor therein.
The judge of the Buncombe County court heard the evidence, found the facts, entered conclusions of law, and adjudged the defendant L. H. Gardner to be the owner and entitled to the possession of the locus in quo, namely, Lots 20 and 27 of the Middlebrook subdivision, Buncombe County. *Page 231 
From the judgment of the county court the plaintiff appealed to the Superior Court, assigning as error the admission of certain evidence, the findings of facts, the conclusions of law, and the judgment of the county court, all of which assignments were overruled and the judgment affirmed by the Superior Court.
From the action of the Superior Court overruling the assignments of error in the trial in the county court and the entering of judgment affirming the judgment of the county court the plaintiff appealed to the Supreme Court, assigning error.
Assignments of error Nos. 1, 2 and 3 are abandoned.
Assignments of error Nos. 4, 5 and 6 are to the admission in evidence of the deed of trust to O. K. Bennett, trustee, from Mary Elizabeth Dillingham, and of the deed from O. K. Bennett, trustee, to L. H. Gardner, without proof of the signature or execution by the grantors therein. The evidence does reveal, however, that both deeds were registered in the office of the register of deeds. This made them competent evidence, in the absence of any suggestion of defect in the probates. Wilhelm v. Burleyson,106 N.C. 381, 11 S.E. 590; Everett v. Newton, 118 N.C. 919,23 S.E. 961; Hodgin v. Liberty, 201 N.C. 658, 161 S.E. 94.
One of these exceptions is to the admission in evidence without proof of signature of the note of Mary Elizabeth Dillingham to C. C. Willis, agent, for $500.00 secured by the deed of trust to O. K. Bennett, trustee, and assigned by C. C. Willis, agent, to R. W. Willis, assigned by R. W. Willis to Mary Frances Willis, and assigned by R. W. Willis and Mary Frances Willis to L. H. Gardner. The record contains the following: "The defendant L. H. Gardner introduced in evidence a promissory note dated August 12th, 1937, signed by Mary Elizabeth Dillingham under seal for the sum of $500.00, payable to C. C. Willis, agent, or order, four months after date with interest from date until paid at the rate of 6% per annum, said note with credits and endorsements thereon as follows:
"$500.00 Asheville, N.C. August 12th, 1937.
"Four months after date, for value received, the undersigned promise to pay C. C. Willis, Agent, or order, the sum of $500.00, with interest from date until paid at the rate of six per cent per annum. . . .
MARY ELIZABETH DILLINGHAM (Seal).
"Scott Dillingham Pay to R. W. Willis, C. C. Willis, Agent Pay to Mary Francis Willis R. W. Willis Payment of principal on this note extended for one year from Sept. 24, 1938 — Int. to remain as shown on face of note. *Page 232 
This September 24, 1938. For value received this note is assigned and transferred to L. H. Gardner — without recourse on me. This September 24, 1938.
R. W. WILLIS, MARY FRANCIS WILLIS."
The appearance in the record of the entry that there was introduced in evidence "a promissory note, dated August 12th, 1937, signed by Mary Elizabeth Dillingham," and the further evidence that such note was in the possession of the defendant Gardner would be sufficient evidence of his being a holder of the note and therefore make it competent evidence in an action attacking the validity of a foreclosure sale to collect said note, irrespective of any requirements to prove the signatures of the endorses to show a holder in due course, since a mere holder of a negotiable instrument may sue thereon in his own name. C. S., 3032.
Assignments of error 4, 5 and 6 are untenable.
Assignment of error No. 7 is to the admission in evidence of the fifth paragraph of the original complaint to the effect that the sole claim of the defendant O. K. Bennett, trustee, to any title to the locus in quo is the deed of trust executed by Mary Elizabeth Dillingham. It is contended by the plaintiff that this was error for the reason that the original complaint in no way affected the defendant Gardner since he was not a party to the action when it was filed. This contention is untenable, if for no other reason than the fact that in its reply to the further defense or counterclaim of the defendant Gardner the plaintiff adopted its complaint theretofore filed and averred that each and every allegation therein was true. It was also competent to show a common source of title of the defendant and of the plaintiff for the purpose of further showing a better title in the defendant from that source, the allegation being that the plaintiff claimed through Mary Elizabeth Dillingham Scarborough, the same source through which the defendant claimed. Mobley v. Griffin, 104 N.C. 112,10 S.E. 142.
Assignments of error Nos. 8 and 9 are to the refusal of the court to grant plaintiff's motion for a judgment as in case of nonsuit on defendant's further defense and counterclaim at the close of defendant's evidence and renewed at the close of all the evidence. These assignments are untenable. The defendant Gardner introduced his chain of title consisting of deed to him from O. K. Bennett, trustee, and deed of trust from Mary Elizabeth Dillingham to O. K. Bennett, trustee, and then introduced deed from Mary Elizabeth Dillingham Scarborough to the plaintiff, thereby connecting his title with the same source as that of the plaintiff, and by reason of the fact that the deed of trust to Bennett, trustee, was prior to the deed to plaintiff showed a better title in himself. Mobley v. Griffin, supra, and cases there cited. *Page 233 
The plaintiff contends that the evidence fails to establish facts sufficient to justify the conclusion of law that the foreclosure of the deed of trust to O. K. Bennett, trustee, from Mary Elizabeth Dillingham, was properly conducted, and therefore the deed from O. K. Bennett, trustee, to defendant Gardner was void. The recitals in this deed are prima facie
evidence of the correctness of the facts therein set forth and the burden of proving otherwise is on the person attacking the sale, in this case the plaintiff. Brewington v. Hargrove, 178 N.C. 143, 100 S.E. 308. The facts as recited in this deed support the conclusion that there was a valid foreclosure.
The recitals in the deed of foreclosure, as well as the other evidence in the case, tend to show that the defendant was the holder of two notes executed by Mary Elizabeth Dillingham, that they were past due, that the first of these notes for $500.00 was secured by the deed of trust to O. K. Bennett, trustee, from Mary Elizabeth Dillingham, and the second for $1,500.00 was secured by a deed of trust to one J. C. Ramsey, trustee, from the same grantor, and that O. K. Bennett and J. C. Ramsey advertised foreclosure sales in different advertisements but to take place at the same time and place, that Don C. Young represented both trustees, and conducted both sales, that at the sale under the deed of trust to O. K. Bennett, Young announced that he was instructed by defendant Gardner, who held the note, to bid $500.00, and asked for other bids, but no further bids were offered, and Gardner was declared to be the last and highest bidder; a similar proceeding was followed under the deed of trust to J. C. Ramsey and L. H. Gardner was declared to be the last and highest bidder for $1,500.00; and then the property included in both deeds of trust were offered together and a bid of $2,200.00 was announced by Young for Gardner, and no further bids were offered, and Gardner was declared to be the last and highest bidder; that present at the sale was James E. Rector, attorney for the plaintiff, the grantee of the maker of the deeds of trust, and the owner of the equity of redemption, who made no objection to the method of the sale, and approved same; that the principal security for the two notes was a house which was constructed partially on Lot No. 28, which was included in the Ramsey deed of trust, and partially on Lot No. 27, which was included in the Bennett deed of trust; that said sale was reported to the clerk, that no advanced bid was made to the clerk, and no effort made to advance said bid, and no desire manifested upon the part of the plaintiff or anyone else to advance the bid; that after the expiration of ten days O. K. Bennett, trustee, executed deed to L. H. Gardner for the land included in the deed of trust to him, and J. C. Ramsey, trustee, did likewise for the land included in the deed of trust to him; that Don C. Young did not act as agent of Gardner at the foreclosure sale but merely announced bids for him as he had been requested to do. *Page 234 
While the offering of the properties in the two deeds of trust together was unusual, no prejudice was thereby created against the plaintiff, but, on the contrary, this proceeding inured to its benefit rather than to its detriment in that the amount realized thereby was increased by $200.00, and the amount thereof, $2,200.00, was within $4.00 of the total amount due on both notes, $2,204.00.
So far as the report of the sale to the clerk was concerned, no report is required to be made by the statute, C. S., 2591, until an advanced bid has been made and properly safeguarded or paid into the office of the clerk, Pringle v. Loan Assn., 182 N.C. 316, 108 S.E. 914, and no prejudice is shown to have arisen therefrom since there is no evidence of any desire or purpose of anyone to advance the bid or bids, or that the sale was for a less value than the property possessed.
In the cases relied upon by the plaintiff, Davis v. Doggett,212 N.C. 589, 194 S.E. 288; Mills v. B. L. Assn., 216 N.C. 664,6 S.E.2d 549; and Warren v. Land Bank, 214 N.C. 206, 198 S.E. 624, it was held that if the evidence was conflicting the issue of the bona fides of the sale should be submitted to the jury. The equivalent of this was done in the case at bar, the judge of the Buncombe County court, in accord with the statute governing the court (N.C. Code, 1939 [Michie], 1608 [u]), in the absence of a request for a jury, heard the evidence and found the facts — and these facts found by him and affirmed by the Superior Court, are binding upon this Court, since there was evidence to support them.Chandler v. Conabeer, 198 N.C. 757, 153 S.E. 313.
The case at bar is somewhat similar to that of Elkes v. TrusteeCorporation, 209 N.C. 832, 184 S.E. 826, wherein is reiterated the principle that the burden is upon the trustor attacking a foreclosure to prove his grounds for attack, since the execution of the power of sale contained in the deed of foreclosure is presumed regular. However, there is no suggestion in the case at bar of inadequacy of price paid as was made in the Elkes case, supra.
There was no evidence offered by the plaintiff tending to show that Mary Elizabeth Dillingham was not a feme sole when she executed the deed of trust to O. K. Bennett, trustee, which constituted a link in defendant Gardner's chain of title. While her marriage to Howard Scarborough is admitted, the date of such marriage is not in evidence.
Assignment of error No. 10 is to certain of the findings of fact contained in the judgment of the judge of the Buncombe County court. We have examined this assignment, and each of its subdivisions, and are of the opinion that each of such findings of fact is supported by competent evidence, and, since affirmed by the Superior Court, are binding upon us. Those subdivisions of this assignment that relate to the conclusion of law of the judge of the county court are untenable, since they are sustained by the facts found. *Page 235 
Any discussion of the remaining assignments of error is obviated by what has been said as to those assignments preceding them.
Since upon the record we find no error, the judgment of the Superior Court overruling the assignments of error made in the Buncombe County court and affirming the judgment of that court must be.
Affirmed.